## JEWELL RIDGE COAL CORPORATION

### V.

## DR. TILLOU HENDERSON, ET AL.

Record No. 840661

## JEWELL RIDGE COAL CORPORATION

### V.

## DR. TILLOU HENDERSON, ET AL.

Record No. 840664

Decided April 26, 1985, at Richmond

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, Thomas, JJ., and Gordon, Retired Justice

*Michael F. Blair (Penn, Stuart, Eskridge & Jones*, on brief), for appellant. (Record No. 840661.)

(*T. C. Bowen, Jr.; Bowen & Bowen*, on brief), for appellee, *Dr. Tillou Henderson. Dr. Henderson* submitting on brief. No briefs or arguments for appellees, *Dr. E. L. Kirby and William T. Rowe.* (Record No. 840661.)

*Michael F. Blair (Penn, Stuart, Eskridge & Jones*, on brief), for appellant. (Record No. 840664.)

(*T. C. Bowen, Jr.; Bowen & Bowen*, on brief), for appellee, *Dr. Tillou Henderson. Dr. Henderson* submitting on brief. No brief or argument for appellee, *Jimmy E. Horn.* (Record No. 840664.)

CARRICO, C.J., delivered the opinion of the Court.

These are Workers' Compensation cases. In each instance, the Industrial Commission of Virginia denied a request by the employer, Jewell Ridge Coal Corporation, for the referral to a peer review committee of the question whether certain periods of hospitalization of an injured employee were necessary.

Chapter 13 of Title 65.1 of the Code (§§ 65.1-153 to -163), entitled "Peer Review of Medical Costs," provides for the establishment of regional committees, each composed of five physicians, to review "services rendered by physicians that are paid for in whole or in part pursuant to [Title 65.1]." Code §§ 65.1-156, -158. Referrals may be made to a committee by "the Industrial Commission, any insurance company providing coverage for the cost of any services paid for in whole or in part pursuant to this chapter[,] or any employer." Code § 65.1-158.

A peer review committee may adjust "the amount of reimbursement to which the physician is entitled" if the committee determines that the physician "improperly overutilized or otherwise rendered or ordered inappropriate medical treatment or services, or that the cost or duration of such treatment or services was inappropriate." Code § 65.1-159. Any such determination by a peer review committee is reviewable by the Commission. *Id.*

In Record No. 840661, the claimant, William T. Rowe, sustained a work-related injury on October 14, 1977, and has been receiving compensation since that date. During the year 1983, the claimant was hospitalized four times. On November 28, 1983, the employer wrote the Commission questioning the necessity for the periods of hospitalization and requesting that the Commission refer the matter to a peer review committee for determination.

On January 18, 1984, the Commission's chief deputy commissioner wrote the employer that, because of "the multiplicity of issues involved," the question whether "these hospitalizations and expenses are . . . reasonable and necessary . . . is a matter for decision by the Industrial Commission rather than Peer Review." The employer then requested review by the full Commission. On April 4, 1984, the Commission addressed a letter to the employer stating that the issue whether the medical treatment was required as a result of the industrial accident "should be referred to a Deputy Commissioner for determination after hearing." This letter was signed by all three commissioners. The employer then sought and was granted this appeal.

In Record No. 840664, the claimant, Jimmy Horn, was injured in a work-related accident on October 31, 1979, and has been receiving compensation ever since. During 1983, his physician hospitalized him four times. On December 14, 1983, the employer requested peer review of the necessity for the periods of hospitalization.

On January 18, 1984, the Commission's chief deputy commissioner wrote the employer stating that the question whether "these hospitalizations were necessary is a matter for decision by the Commission rather than Peer Review." The employer requested review by the full Commission. On April 3, 1984, a letter signed by all three commissioners was addressed to the employer stating that if the employer wished to determine whether the disputed periods of hospitalization constituted necessary medical attention, the matter would be referred to the Commission's hearing docket, but if the employer wished a determination whether the physician's fees were appropriate, the matter would be referred to peer review. The employer did not respond to this letter, but instead, sought and was granted this appeal.

We believe these appeals were improvidently awarded because the Commission's decisions to deny referral for peer review are not appealable. Chapter 13 of Title 65.1 of the Code, dealing

with "Peer Review of Medical Costs," makes no provision for an appeal of a Commission decision to grant or deny a request for peer review. The only provision concerning appeals from Commission action is found in Code § 65.1-98, part of Chapter 7 of Title 65.1 (Code §§ 65.1-92 to -102), entitled "Procedure in Connection with Awards." In pertinent part, § 65.1-98 provides that "[n]o appeal shall be taken from the decision of one commissioner until a review of the case has been had before the full Commission . . . and an award entered by it. Appeals shall lie from such award to the Supreme Court in the manner provided in the Rules of the Supreme Court."*

▮▮▮ "Except in rare instances we only consider appeals from final orders of courts of record, the State Corporation Commission and the Industrial Commission of Virginia." *Blue Cross/Blue Shield* v. *Commonwealth*, 218 Va. 589, 598, 239 S.E.2d 94, 98 (1977). This is not one of those "rare instances." In our opinion, the words "such award," as used in Code § 65.1-98, mean final award, that is, a decision of the Industrial Commission granting or denying, or changing or refusing to change, some benefit payable or allowable under the Workers' Compensation Act and leaving nothing to be done except to superintend ministerially the execution of the award. *See Burns* v. *The Equitable Associates*, 220 Va. 1020, 1028, 265 S.E.2d 737, 742 (1980). The Commission's action involved in the present cases obviously does not begin to satisfy the final award test.

▮▮▮ This does not mean that the employer is deprived of appellate review. If, in either of these cases, the Commission ultimately decides adversely to the employer on the issue whether the disputed periods of hospitalization were necessary and enters its award accordingly, the employer may appeal from the decision and assert in that appeal the question whether the Commission erred in denying the request for peer review.

For the reasons assigned, we will dismiss both appeals as improvidently awarded.

*Appeals dismissed.*

---

* The Court of Appeals of Virginia now has jurisdiction over an appeal from "any final decision of the Industrial Commission of Virginia." Code § 17-116.05(1). An amendment to Code § 65.1-98 effective October 1, 1984, provides that "[a]ppeals shall lie from such award [of the full Commission] to the Court of Appeals in the manner provided in the Rules of the Supreme Court."