COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick,* Judge Elder and
          Senior Judge Duff
Argued at Alexandria, Virginia


UNINSURED EMPLOYER'S FUND
                                           OPINION BY
v.   Record No. 0693-97-4           JUDGE CHARLES H. DUFF
                                       FEBRUARY 10, 1998
ROSA L. HARPER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Paul S. Stahl, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          John J. Beall, Jr., Senior Assistant Attorney
          General, on brief), for appellant.

          Charles P. Monroe (Duncan and Hopkins, P.C.,
          on brief), for appellee.



     The Uninsured Employer's Fund ("the Fund") appeals a

decision of the Workers' Compensation Commission ("commission")

awarding compensation benefits to Rosa L. Harper ("claimant").

The Fund contends the commission erred in finding that (1) the

issue of jurisdiction was res judicata because the Fund did not

appeal the commission's March 14, 1996 review opinion; and (2)

Lomax A.M.E. Zion Church ("the local church" or "employer") had

three employees regularly in service in Virginia, thereby

allowing the commission to exercise jurisdiction over claimant's

claim for benefits.  For the following reasons, we reverse the

commission's decision.

_____

        *On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

## Background

On December 28, 1994, claimant, a secretary employed by the local church, slipped and fell on a wet concrete floor while walking into the church building. As a result, she injured her right knee and back. At the time of claimant's accident, the local church did not carry workers' compensation insurance. As of the date of the accident, James Gaskill worked for employer as a custodian.[1]

Reba Nettles, the chairwoman of the trustees board of the local church, testified that at an annual conference of the national A.M.E. Zion Church ("the parent church"), the bishop appointed Reverend Lamb as pastor of the local church. Although the local church members may suggest to the bishop at the annual conference that a pastor be removed, the bishop has final decision-making power over the hiring, firing, or transfer of a pastor.

With respect to Reverend Lamb's day-to-day planning for the local church, he received direction from the bishop and suggestions from the local church members. The local church provided Reverend Lamb with an allowance, including a place to live and travel expenses. The board of trustees of the local church determined the hours and type of work performed by

---

[1] The Fund and employer do not dispute that claimant and Gaskill were employees of the local church. The relevant issue is whether Reverend Joseph Lamb was an employee of the local church at the time of claimant's accident.

claimant and Gaskill. Reverend Lamb is a member of the local church's board of trustees. The bishop and Reverend Lamb determined the hours and type of work he performed for the local church. Nettles testified that the local church determined and paid Reverend Lamb's salary. The local church also contributed to a general fund administered by the parent church, which is used to pay the pastor's pension.

Reverend Lamb testified that the bishop appointed him to the local church. Reverend Lamb stated that he will remain at the local church until the bishop decides to transfer him elsewhere or until he requests a transfer. Reverend Lamb stated that the bishop is the governing authority who decides whether a pastor will be assigned to a particular church in the diocese. The local church members vote each year whether they wish to retain the pastor. If they wish to have the pastor removed, they send a delegate to the annual conference to make their wish known. However, the bishop makes the final decision as to whether the pastor is actually removed.

Although Reverend Lamb received a salary from the local church, the local church did not deduct or pay his taxes. Reverend Lamb estimated his taxes on a quarterly basis and paid his taxes as a self-employed individual. Reverend Lamb's duties are governed by the Book of Discipline of the Zion Church, a book of rules and laws established by the parent church. The bishop also oversees Reverend Lamb's work as a pastor.

3

In an October 31, 1995 decision, the deputy commissioner ruled that Reverend Lamb was not an employee of the local church. The deputy commissioner found that the local church employed only two individuals, claimant and Gaskill. Accordingly, the deputy commissioner held that the local church was not subject to the commission's jurisdiction.

In a March 14, 1996 opinion, the full commission reversed the deputy commissioner's decision and found that Lamb was an employee of the local church. Thus, the commission found that the local church employed three or more persons. Accordingly, the commission ruled that the local church was subject to the commission's jurisdiction. The full commission remanded the case to the deputy commissioner for a determination on the record regarding the claim for benefits.

Employer noted a timely appeal to this Court from the commission's March 14, 1996 decision. However, by order dated July 12, 1996, we dismissed employer's appeal because employer did not file an opening brief before the time for doing so had expired. The Fund did not appeal the commission's March 14, 1996 decision.

On November 15, 1996, the deputy commissioner issued an opinion on the merits of the claim for benefits. The deputy commissioner found that claimant proved she sustained an injury by accident arising out of and in the course of her employment on December 28, 1994. The deputy commissioner awarded claimant

4

temporary total and temporary partial disability benefits for various time periods and imposed a $500 penalty against employer for failing to carry workers' compensation insurance. The Fund sought review of this decision on the jurisdiction issue and on the merits of the claim.

In a February 18, 1997 opinion, the full commission refused to address the jurisdiction issue, finding that "[t]he issue of jurisdiction, once decided and not perfected on appeal, is therefore res judicata." In so ruling, the commission referred to employer's appeal, which this Court had dismissed. The commission affirmed the deputy commissioner's finding that claimant proved an injury by accident arising out of and in the course of her employment and the findings with respect to disability and the penalty imposed.

I.

Code § 65.2-706 provides that "[n]o appeal shall be taken from the decision of one Commissioner until a review of the case has been had before the full Commission, as provided in Code § 65.2-705, and an award entered by it. Appeals shall lie from such award to the Court of Appeals . . . ." "[T]he words 'such award' . . . [contained in § 65.2-706] mean final award, that is, a decision of the . . . Commission granting or denying, or changing or refusing to change, some benefit payable or allowable under the . . . Act and leaving nothing to be done except to superintend ministerially the execution of the award." Jewell

Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985).

The commission's determination of the jurisdiction issue in its March 14, 1996 opinion and its subsequent remand of the case to the deputy commissioner for a determination of the merits of the claim for benefits did not constitute a final award appealable to this Court. See id. Moreover, the fact that employer appealed the commission's decision to this Court and elected not to pursue that appeal, which was dismissed for want of prosecution, did not render the commission's decision final and did not deprive the Fund of its right to appeal the jurisdiction issue to this Court.

Furthermore, the March 14, 1996 opinion did not adjudicate "the principles of a cause." Code § 17-116.05(4). The commission merely held that it had jurisdiction over the employer, and it remanded the case to the deputy commissioner for further proceedings. The merits of the case had not been addressed, and the opinion was interlocutory and not determinable of the controversy. See generally Polumbo v. Polumbo, 13 Va. App. 306, 411 S.E.2d 229 (1991); Weisenbaum v. Weisenbaum, 12 Va. App. 899, 407 S.E.2d 37 (1991); Pinkard v. Pinkard, 12 Va. App. 848, 407 S.E.2d 339 (1991). Accordingly, this Court was without jurisdiction to entertain an appeal of the March 14, 1996 opinion.[2] Furthermore, the Fund was not required to join the

---

[2]In its March 14, 1996 opinion, the commission stated: "This Opinion shall be final unless appealed to the Virginia

employer in its appeal at the risk of losing its right to appeal the jurisdiction issue when a final order was entered.  The Fund was not required to join in a futile appeal of an interlocutory order.

Accordingly, we reverse the commission's decision finding the jurisdiction issue <u>res</u> <u>judicata</u>.

II.

> This appeal does not present a case of conflicting evidence or a dispute concerning the commission's findings of fact.  When the issue is the sufficiency of the evidence and there is no conflict in the evidence, the issue is purely a question of law.  This Court is not bound by the legal determinations made by the commission.  "[W]e must inquire to determine if the correct legal conclusion has been reached."

<u>Cibula v. Allied Fibers & Plastics</u>, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (quoting <u>City of Norfolk v. Bennett</u>, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)), <u>aff'd</u>, 245 Va. 337, 428 S.E.2d 905 (1993).

Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be

(..continued)
Court of Appeals within thirty days."  The opinion was interlocutory, not final, and the commission incorrectly stated that it was final.  The commission's incorrect statement cannot serve to grant this Court jurisdiction over an appeal where there is no statutory basis for that jurisdiction.

Moreover, we are puzzled by the commission's language that the "Opinion <u>shall</u> be final <u>unless</u> appealed . . . ."  (Emphasis added.).  An opinion is either final or interlocutory when written.  Its finality does not depend on whether an aggrieved party appeals the opinion.

7

performed. The power of control is the most significant indicium of the employment relationship.'" Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)). The employer-employee relationship exists if the power to control includes not only the result to be accomplished but also the means and methods by which the result is to be accomplished. See id. at 367, 392 S.E.2d at 510.

Here, the commission erroneously analyzed this issue as one of whether Reverend Lamb was an employee of the local church or an independent contractor. We agree that the evidence did not establish that Reverend Lamb was an independent contractor. However, our analysis does not end with that conclusion. The determinative issue is whether Reverend Lamb was an employee of the local church.

The evidence established that, although the local church provided the facilities and paid Reverend Lamb's salary, the power of control over his work as a pastor emanated from the bishop, who is affiliated with the parent church. The bishop, not the local church, appointed Reverend Lamb as pastor of the local church, and the bishop reserved the right to terminate or transfer Reverend Lamb's employment. In addition, the rules governing Reverend Lamb's tenure as pastor of the local church derived from the Book of Discipline established by the parent church, not from the local church's members or board of trustees.

Under these circumstances, we find as a matter of law that Reverend Lamb was not an employee of the local church.[3] Accordingly, because the local church did not have three or more employees regularly in service in Virginia at the time of claimant's industrial accident, the commission erred in exercising jurisdiction over the claim for benefits. Therefore, we reverse the commission's decision awarding compensation benefits to claimant.

<u>Reversed.</u>

---

[3]We are not presented with the issue of whether Reverend Lamb was an employee of the parent church and accordingly express no opinion on that issue.