COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


UNINSURED EMPLOYER'S FUND
                                              OPINION BY
v.    Record No. 0991-99-4          JUDGE CHARLES H. DUFF
                                            MARCH 28, 2000
DEREK M. KRAMER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Gaye Lynn Taxey, Assistant Attorney General
        (Mark L. Earley, Attorney General; John J.
        Beall, Jr., Senior Assistant Attorney
        General, on brief), for appellant.

        Derek M. Kramer, pro se.


     The Uninsured Employer's Fund ("the Fund") appeals a

decision of the Workers' Compensation Commission (commission)

awarding benefits to Derek M. Kramer (claimant).  The Fund

contends the commission erred in finding that (1) the issue of

jurisdiction was res judicata because the Fund did not appeal

the commission's April 14, 1998 decision; and (2) the commission

had jurisdiction over claimant's claim on the ground that

employer regularly employed three or more persons.  Although we

find the commission erred in ruling that its April 14, 1998

decision was res judicata with respect to the jurisdiction

issue, we affirm the commission's finding that it had

jurisdiction over the claim.

## I. Res Judicata

In its April 14, 1998 opinion, the commission affirmed the deputy commissioner's October 3, 1997 finding that the commission had jurisdiction over the claim because employer regularly employed three or more employees. The commission also affirmed the deputy commissioner's average weekly wage determination and the award of medical benefits and temporary total disability benefits, but it remanded the case to the deputy commissioner for a ruling on claimant's permanent partial disability ("PPD") claim. Claimant included his PPD claim in his original claim for benefits, but the deputy commissioner did not address it at the time of the hearing.

On October 28, 1998, the deputy commissioner issued an opinion granting claimant PPD benefits. The Fund appealed that decision to the full commission, contending the deputy commissioner erred in awarding PPD benefits and erred in finding that employer regularly employed three or more employees.

On March 26, 1999, the commission issued a decision affirming the deputy commissioner's ruling awarding claimant PPD benefits. The commission also held that it no longer had jurisdiction over the issue of whether employer regularly employed three or more employees. The commission found that "[t]he [April 14, 1998 decision] was an Award and final order as to those issues considered by both the Deputy Commissioner and Full Commission, and was not an interlocutory decision." The

-

commission noted that the Fund did not appeal the April 14, 1998 decision to this Court and, therefore, reasoned that the issues decided in the April 14, 1998 opinion were res judicata and the commission no longer had jurisdiction to hear those issues.

Our holding in Uninsured Employer's Fund v. Harper, 26 Va. App. 522, 495 S.E.2d 540 (1998), controls this issue. In addressing a similar situation in Harper, we stated:

> Code § 65.2-706 provides that "[n]o appeal shall be taken from the decision of one Commissioner until a review of the case has been had before the full Commission, as provided in Code § 65.2-705, and an award entered by it. Appeals shall lie from such award to the Court of Appeals . . . . " "[T]he words 'such award' . . . [contained in § 65.2-706] mean final award, that is, a decision of the . . . Commission granting or denying, or changing or refusing to change, some benefit payable or allowable under the . . . Act and leaving nothing to be done except to superintend ministerally the execution of the award."

Id. at 527, 495 S.E.2d at 543 (citation omitted).

The commission's April 14, 1998 opinion affirming the deputy commissioner on the jurisdiction issue and its accompanying remand of the case to the deputy commissioner for a determination of claimant's entitlement to PPD benefits did not constitute a final award appealable to this Court. See id. While an award existed which determined claimant's average weekly wage and granted medical benefits and temporary total disability benefits, it was not an award that left "nothing to be done." Under our holding in Harper, the Fund was not

-

required to appeal the jurisdiction issue until after the PPD issue was fully determined on the merits by the commission on remand.  In this case, the PPD claim was filed as part of the original claim and not as a claim separate and apart from the original claim for benefits.  The commission's March 26, 1999 opinion was a final, appealable order because it disposed of the entire claim "leaving nothing to be done except to superintend ministerially the execution of the award."  Id.  The Fund filed a timely appeal from that decision and, therefore, we will address the issue of whether the commission erred in finding that it had jurisdiction over claimant's claim.

## II.  Jurisdiction

On appeal, the Fund contends the commission erred in holding that employer regularly employed three or more employees within the Commonwealth and, therefore, erred in its April 14, 1998 finding that employer was subject to the commission's jurisdiction.  We disagree.

> The threshold jurisdictional issue which the commission had to decide was whether the employer regularly had in his service three or more employees so as to come within the coverage of the Act. "'Employee' means . . . [e]very person . . . in the service of another under any contract of hire or apprenticeship, written or implied, except . . . one whose employment is not in the usual course of the trade, business, occupation or profession of the employer."  Both full-time and part-time employees who are regularly employed to carry out the trade or business of the employer must be counted in determining the

-

number of employees "regularly in service" to the employer. "Any person hired by the employer to work in the usual course of the employer's business is an 'employee' under the Act regardless of how often or for how long he may be employed." The number of employees regularly in service of the employer is the number "used to carry out the established mode of performing the work of the business . . . even though the work may be recurrent instead of constant."

Smith v. Hylton, 14 Va. App. 354, 356, 416 S.E.2d 712, 714 (1992) (citations omitted). "[O]nce an employee proves that his or her injury occurred while employed in Virginia, an employer has the burden of producing sufficient evidence upon which the commission can find that the employer employed less than three employees regularly in service in Virginia." Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 2, 427 S.E.2d 428, 429 (1993), aff'd per curiam, 247 Va. 165, 440 S.E.2d 613 (1994).

In affirming the deputy commissioner on the jurisdiction issue, the commission adopted the deputy commissioner's findings. The deputy commissioner found as follows:

Although he did not include himself in the quarterly reports filed during certain periods, Mr. [Jeffrey D. Stewart] was clearly an employee of the corporation by virtue of his status as an officer. The majority of work performed by the business was done by him with the assistance of at least two people. These employees were listed on quarterly reports. Moreover, there were other employees named by him that were not reflected on these reports, specifically, the claimant and Mr. [Crews]. At the time of the claimant's accident, it was anticipated that the claimant, Mr. [Stewart] and Chris [Stewart] would continue

-

> to perform similar services for the remainder of the summer break.  We find this sufficient to invoke jurisdiction.

The testimony of Stewart and claimant, and employer's payroll reports, accounting records, and 1995 W-2 wage and tax statement copies amply support the commission's findings.  That evidence established that at various times during the year preceding claimant's injury by accident, employer "'used [three or more employees] to carry out the established mode of performing the work of the business . . . even though the work [might have been] recurrent instead of constant.'"  Smith, 14 Va. App. at 386, 416 S.E.2d at 714 (citation omitted).  In addition, the commission was entitled to accept claimant's testimony that he and Chris Stewart had been hired to work the remainder of the summer with Jeff Stewart.

Employer argues the deputy commissioner impermissibly relied upon certain documents filed with the Virginia Employment Commission in violation of Code § 60.2-623.  The commission found the error to be harmless, stating:  "Our review of the evidence . . . leads us to conclude that the deputy commissioner did not find that those reports were determinative on the jurisdictional issue.  Indeed, she relates, 'There were other employees named by [the employer] that were not reflected on these [quarterly] reports . . . .'"  The direct evidence and inferences drawn from that evidence support the commission's finding that employer regularly employed three or more persons

-

and was, therefore, subject to the commission's jurisdiction. Accordingly, we find as a matter of law that employer failed to sustain its burden of proof.

For these reasons, we affirm the commission's decision finding that it had jurisdiction under the Act over claimant's claim.

<u>Affirmed.</u>

-

Benton, J., concurring, in part, and dissenting, in part.

I concur in Part II and in the judgment affirming the award. I do not join in Part I because I believe the commission correctly held that Uninsured Employer's Fund v. Harper, 26 Va. App. 522, 495 S.E.2d 540 (1998), does not decide the res judicata issue presented by this case.

Following an evidentiary hearing in Harper, the deputy commissioner denied the employee's claim for benefits because her employer did not employ three or more persons. See 26 Va. App. at 526, 495 S.E.2d at 542. On its review, the commission found that the employer did employ three or more persons and was subject to the commission's jurisdiction. See id. Thus, the commission remanded the case for a determination by the deputy commissioner regarding the employee's claim for benefits. See id. The jurisdictional ruling was "interlocutory and not determina[tive] of the controversy." Id. at 528, 495 S.E.2d at 543. More importantly, the commission's ruling in Harper was not accompanied by the entry of an award.

This case arises in a significantly different procedural posture. The record establishes that Derek Kramer filed his initial claim alleging he was injured by accident arising out of and in the course of his employment with Santa's Helpers Chimney Sweeps. The commission made the following findings concerning the proceedings:

-

> [T]he Deputy Commissioner in her Opinion of
> October 3, 1997, made findings regarding the
> status of [Kramer] and employer under the
> Act, calculated [Kramer's] pre-injury
> average weekly wage, and found that [Kramer]
> sustained a compensable injury on May 15,
> 1995.  Pursuant to those findings [, the
> deputy commissioner] entered an Award for
> both wage loss benefits and medical
> benefits.  The jurisdictional and pre-injury
> average weekly wage issues were brought
> before the Full Commission, and the
> Commission affirmed the findings below.  The
> affirmation was an Award and final order as
> to those issues considered by both the
> Deputy Commissioner and Full Commission, and
> was not an interlocutory decision.

The record supports those findings.  Specifically, the record reflects that the deputy commissioner entered "[a]n award . . . on behalf of Derek Kramer against Santa's Helpers providing for payment of temporary total disability benefits . . . and medical benefits . . . for as long as necessary."  On review, the commission ruled that "[t]he award . . . is AFFIRMED as MODIFIED:  temporary total disability benefits shall be paid to Derek M. Kramer in the weekly amount of $213.33 for the period May 15, 1995 through August 31, 1995 . . . [and that] medical care and treatment . . . shall remain the employer's responsibility for as long as necessary."  On April 14, 1998 the commission entered its award in favor of Kramer and remanded only the issue of permanency.

By statute, the commission's award has particular significance.

-

> The award of the Commission, as provided in
> [Code] § 65.2-704, if not reviewed in due
> time, or an award of the Commission upon
> such review, as provided in [Code]
> § 65.2-705, shall be conclusive and binding
> as to all questions of fact.  No appeal
> shall be taken from the decision of one
> Commissioner until a review of the case has
> been had before the full Commission, as
> provided in [Code] § 65.2-705, and an award
> entered by it.  Appeals shall lie from such
> award to the Court of Appeals in the manner
> provided in the Rules of the Supreme Court.

Code § 65.2-706(A).  Applying this statute, the Supreme Court has held that the term "award" means "a decision of the . . . Commission granting or denying, or changing or refusing to change, some benefit payable or allowable under the . . . Act and leaving nothing to be done except to superintend ministerially the execution of the award."  Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985).

The commission's award for temporary total disability benefits was a ruling on the merits of the case, granting a benefit to Kramer payable under the Act.  Nothing about the award was interlocutory.  Indeed, the award "adjudicat[ed] the principles of [the] cause."  Code § 17.1-405(4), recodifying Code § 17-116.05(4).

The issue becomes even clearer upon an examination of Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 422 S.E.2d 165 (1992).  Addressing the effect of an award, we noted the following:

-

> [T]he commission expressly noted that, even though it found a compensable occupational disease, it was unable to "enter an award" due to a lack of evidence identifying periods of disability. Instead, as the commission noted, "[t]his decision is not final until the entry of the award of the Deputy Commissioner establishing periods of compensable disability." Especially in light of the commission's express recognition that its decision would not become final until the final determination of the periods of disability, we will not conclude that the deputy commissioner's duties on remand were merely "ministerial."

Id. at 34-35, 422 S.E.2d at 167.

The entry of an award conferring a benefit to Kramer under the Act is a significant, controlling fact that distinguishes this case from Harper. When the commission entered its award for temporary total disability benefits on April 14, 1998, it remanded the case to the deputy commissioner solely to determine Kramer's permanency rating. On review of the permanency issue, the commission correctly ruled as follows:

> The issue of whether Santa's Helper Chimney Sweeps is an "Employer" under the Act, and [Kramer's] status under the Act were decided in the Commission's Opinion of April 14, 1998. No timely appeal of that final, non-interlocutory, order was noted by any party. Therefore, that portion of the Opinion, as well as the findings regarding [Kramer's] pre-injury average weekly wage, are binding on the parties.

For these reasons, I would affirm the commission's March 26, 1999 award on all issues.

-