*84 BENTON, Judge,
concurring, in part, and dissenting, in part.
I concur in Part II and in the judgment affirming the award. I do not join in Part I because I believe the commission correctly held that Uninsured Employer’s Fund v. Harper, 26 Va.App. 522, 495 S.E.2d 540 (1998), does not decide the res judicata issue presented by this case.
Following an evidentiary hearing in Harper, the deputy commissioner denied the employee’s claim for benefits because her employer did not employ three or more persons. See 26 Va.App. at 526, 495 S.E.2d at 542. On its review, the commission found that the employer did employ three or more persons and was subject to the commission’s jurisdiction. See id. Thus, the commission remanded the case for a determination by the deputy commissioner regarding the employee’s claim for benefits. See id. The jurisdictional ruling was “interlocutory and not determinative] of the controversy.” Id. at 528, 495 S.E.2d at 543. More importantly, the commission’s ruling in Harper was not accompanied by the entry of an award.
This case arises in a significantly different procedural posture. The record establishes that Derek Kramer filed his initial claim alleging he was injured by accident arising out of and in the course of his employment with Santa’s Helpers Chimney Sweeps. The commission made the following findings concerning the proceedings:
[T]he Deputy Commissioner in her Opinion of October 3, 1997, made findings regarding the status of [Kramer] and employer under the Act, calculated [Kramer’s] pre-injury average weekly wage, and found that [Kramer] sustained a compensable injury' on May 15, 1995. Pursuant to those findings [, the deputy commissioner] entered an Award for both wage loss benefits and medical benefits. The jurisdictional and pre-injury average weekly wage issues were brought before the Full Commission, and the Commission affirmed the findings below. The affirmation was an Award and final order as to those issues considered by both the *85 Deputy Commissioner and Full Commission, and was not an interlocutory decision.
The record supports those findings. Specifically, the record reflects that the deputy commissioner entered “[a]n award ... on behalf of Derek Kramer against Santa’s Helpers providing for payment of temporary total disability benefits ... and medical benefits ... for as long as necessary.” On review, the commission ruled that “[t]he award ... is AFFIRMED as MODIFIED: temporary total disability benefits shall be paid to Derek M. Kramer in the weekly amount of $213.33 for the period May 15, 1995 through August 31, 1995 ... [and that] medical care and treatment ... shall remain the employer’s responsibility for as long as necessary.” On April 14,1998 the commission entered its award in favor of Kramer and remanded only the issue of permanency.
By statute, the commission’s award has particular significance.
The award of the Commission, as provided in [Code] § 65.2-704, if not reviewed in due time, or an award of the Commission upon such review, as provided in [Code] § 65.2-705, shall be conclusive and binding as to all questions of fact. No appeal shall be taken from the decision of one Commissioner until a review of the case has been had before the full Commission, as provided in [Code] § 65.2-705, and an award entered by it. Appeals shall lie from such award to the Court of Appeals in the manner provided in the Rules of the Supreme Court.
Code § 65.2-706(A). Applying this statute, the Supreme Court has held that the term “award” means “a decision of the ... Commission granting or denying, or changing or refusing to change, some benefit payable or allowable under the ... Act and leaving nothing to be done except to superintend ministerially the execution of the award.” Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985).
The commission’s award for temporary total disability benefits was a ruling on the merits of the case, granting a benefit to Kramer payable under the Act. Nothing about the award *86 was interlocutory. Indeed, the award “adjudicat[ed] the principles of [the] cause.” Code § 17.1-405(4), recodifying Code § 17-116.05(4).
The issue becomes even clearer upon an examination of Holly Farms Foods, Inc. v. Carter, 15 Va.App. 29, 422 S.E.2d 165 (1992). Addressing the effect of an award, we noted the following:
[T]he commission expressly noted that, even though it found a compensable occupational disease, it was unable to “enter an award” due to a lack of evidence identifying periods of disability. Instead, as the commission noted, “[t]his decision is not final until the entry of the award of the Deputy Commissioner establishing periods of compensable disability.” Especially in light of the commission’s express recognition that its decision would not become final until the final determination of the periods of disability, we will not conclude that the deputy commissioner’s duties on remand were merely “ministerial.”
Id. at 34-35, 422 S.E.2d at 167.
The entry of an award conferring a benefit to Kramer under the Act is a significant, controlling fact that distinguishes this case from Harper. When the commission entered its award for temporary total disability benefits on April 14, 1998, it remanded the case to the deputy commissioner solely to determine Kramer’s permanency rating. On review of the permanency issue, the commission correctly ruled as follows:
The issue of whether Santa’s Helper Chimney Sweeps is an “Employer” under the Act, and [Kramer’s] status under the Act were decided in the Commission’s Opinion of April 14, 1998. No timely appeal of that final, non-interlocutory, order was noted by any party. Therefore, that portion of the Opinion, as well as the findings regarding [Kramer’s] pre-injury average weekly wage, are binding on the parties.
For these reasons, I would affirm the commission’s March 26,1999 award on all issues.