COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia

7-ELEVEN AND AMERICAN PROTECTION
 INSURANCE COMPANY
                                    MEMORANDUM OPINION* BY
v.    Record No. 3041-00-1          JUDGE NELSON T. OVERTON
                                        JUNE 5, 2001
LAURA M. SMITH


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Linda M. Gillen (Andrew R. Blair, on brief),
          for appellants.

          No brief or argument for appellee.


     7-Eleven and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

erred in finding that Laura M. Smith's (claimant) May 6, 1996

change-in-condition application was properly filed and not

abandoned by claimant.  Because we find that the full

commission's November 20, 2000 opinion did not constitute a

final award appealable to this Court, we dismiss employer's

appeal.

          Code § 65.2-706 provides that "[n]o
          appeal shall be taken from the decision of
          one Commissioner until a review of the case
          has been had before the full Commission, as
          provided in Code § 65.2-705, and an award
          entered by it.  Appeals shall lie from such
          award to the Court of Appeals . . . ."

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> "[T]he words 'such award' . . . [contained
> in § 65.2-706] mean final award, that is, a
> decision of the . . . Commission granting or
> denying, or changing or refusing to change,
> some benefit payable or allowable under the
> . . . Act and leaving nothing to be done
> except to superintend ministerially the
> execution of the award."

Uninsured Employer's Fund v. Harper, 26 Va. App. 522, 527, 495 S.E.2d 540, 543 (1998) (citation omitted).

The full commission's November 20, 2000 opinion affirmed the deputy commissioner's determination that claimant's May 6, 1996 change-in-condition application was properly filed and not abandoned. The full commission then referred this matter back to the hearing docket for a determination of the substantive issues surrounding claimant's change-in-condition applications. Thus, the commission's November 20, 2000 opinion did not dispose of the merits of the claims, leaving nothing further to be done. Accordingly, it did not constitute a final award appealable to this Court. See id.

For these reasons, we dismiss employer's appeal.

Dismissed.

-