DUFF, Senior Judge.
The Uninsured Employer’s Fund (“the Fund”) appeals a decision of the Workers’ Compensation Commission .(commission) awarding benefits to Derek M. Kramer (claimant). The Fund contends the commission erred in finding that (1) the issue of jurisdiction was res judicata because the Fund did not appeal the commission’s April 14, 1998 decision; and (2) the commission had jurisdiction over claimant’s claim on the ground that employer regularly employed three or more persons. Although we find the commission erred in ruling that *80 its April 14, 1998 decision was res judicata with respect to the jurisdiction issue, we affirm the commission’s finding that it had jurisdiction over the claim.
I. Res Judicata
In its April 14, 1998 opinion, the commission affirmed the deputy commissioner’s October 3, 1997 finding that the commission had jurisdiction over the claim because employer regularly employed three or more employees. The commission also affirmed the deputy commissioner’s average weekly wage determination and the award of medical benefits and temporary total disability benefits, but it remanded the case to the deputy commissioner for a ruling on claimant’s permanent partial disability (“PPD”) claim. Claimant included his PPD claim in his original claim for benefits, but the deputy commissioner did not address it at the time of the hearing.
On October 28, 1998, the deputy commissioner issued an opinion granting claimant PPD benefits. The Fund appealed that decision to the full commission, contending the deputy commissioner erred in awarding PPD benefits and erred in finding that employer regularly employed three or more employees.
On March 26, 1999, the commission issued a decision affirming the deputy commissioner’s ruling awarding claimant PPD benefits. The commission also held that it no longer had jurisdiction over the issue of whether employer regularly employed three or more employees. The commission found that “[t]he [April 14, 1998 decision] was an Award and final order as to those issues considered by both the Deputy Commissioner and Full Commission, and was not an interlocutory decision.” The commission noted that the Fund did not appeal the April 14,1998 decision to this Court and, therefore, reasoned that the issues decided in the April 14, 1998 opinion were res judicata and the commission no longer had jurisdiction to hear those issues.
Our holding in Uninsured Employer’s Fund v. Harper, 26 Va.App. 522, 495 S.E.2d 540 (1998), controls this issue. In addressing a similar situation in Harper, we stated:
*81 Code § 65.2-706 provides that “[n]o appeal shall be taken from the decision of one Commissioner until a review of the case has been had before the full Commission, as provided in Code § 65.2-705, and an award entered by it. Appeals shall lie from such award to the Court of Appeals.... ” “[T]he words ‘such award’ ... [contained in § 65.2-706] mean final award, that is, a decision of the ... Commission granting or denying, or changing or refusing to change, some benefit payable or allowable under the ... Act and leaving nothing to be done except to superintend ministerially the execution of the award.”
Id. at 527, 495 S.E.2d at 543 (citation omitted).
The commission’s April 14, 1998 opinion affirming the deputy commissioner on the jurisdiction issue and its accompanying remand of the case to the deputy commissioner for a determination of claimant’s entitlement to PPD benefits did not constitute a final award appealable to this Court. See id. While an award existed which determined claimant’s average weekly wage and granted medical benefits and temporary total disability benefits, it was not an award that left “nothing to be done.” Under our holding in Harper, the Fund was not required to appeal the jurisdiction issue until after the PPD issue was fully determined on the merits by the commission on remand. In this case, the PPD claim was filed as part of the original claim and not as a claim separate and apart from the original claim for benefits. The commission’s March 26, 1999 opinion was a final, appealable order because it disposed of the entire claim “leaving nothing to be done except to superintend ministerially the execution of the award.” Id. The Fund filed a timely appeal from that decision and, therefore, we will address the issue of whether the commission erred in finding that it had jurisdiction over claimant’s claim.
II. Jurisdiction
On appeal, the Fund contends the commission erred in holding that employer regularly employed three or more employees within the Commonwealth and, therefore, erred in *82 its April 14, 1998 finding that employer was subject to the commission’s jurisdiction. We disagree.
The threshold jurisdictional issue which the commission had to decide was whether the employer regularly had in his service three or more employees so as to come within the coverage of the Act. “ ‘Employee’ means ... [ejvery person ... in the service of another under any contract of hire or apprenticeship, written or implied, except ... one whose employment is not in the usual course of the trade, business, occupation or profession of the employer.” Both full-time and part-time employees who are regularly employed to carry out the trade or business of the employer must be counted in determining the number of employees “regularly in service” to the employer. “Any person hired by the employer to work in the usual course of the employer’s business is an ‘employee’ under the Act regardless of how often or for how long he may be employed.” The number of employees regularly in service of the employer is the number “used to carry out the established mode of performing the work of the business ... even though the work may be recurrent instead of constant.”
Smith v. Hylton, 14 Va.App. 354, 356, 416 S.E.2d 712, 714 (1992) (citations omitted). “[OJnce an employee proves that his or her injury occurred while employed in Virginia, an employer has the burden of producing sufficient evidence upon which the commission can find that the employer employed less than three employees regularly in service in Virginia.” Craddock Moving & Storage Co. v. Settles, 16 Va.App. 1, 2, 427 S.E.2d 428, 429 (1993), aff'd per curiam, 247 Va. 165, 440 S.E.2d 613 (1994).
In affirming the deputy commissioner on the jurisdiction issue, the commission adopted the deputy commissioner’s findings. The deputy commissioner found as follows:
Although he did not include himself in the quarterly reports filed during certain periods, Mr. [Jeffrey D. Stewart] was clearly an employee of the corporation by virtue of his status as an officer. The majority of work performed by the business was done by him with the assistance of at least *83 two people. These employees were listed on quarterly reports. Moreover, there were other employees named by him that were not reflected on these reports, specifically, the claimant and Mr. [Crews]. At the time of the claimant’s accident, it was anticipated that the claimant, Mr. [Stewart] and Chris [Stewart] would continue to perform similar services for the remainder of the summer break. We find this sufficient to invoke jurisdiction.
The testimony of Stewart and claimant, and employer’s payroll reports, accounting records, and 1995 W-2 wage and tax statement copies amply support the commission’s findings. That evidence established that at various times during the year preceding claimant’s injury by accident, employer “ ‘used [three or more employees] to carry out the established mode of performing the work of the business ... even though the work [might have been] recurrent instead of constant.’ ” Smith, 14 Va.App. at 356, 416 S.E.2d at 714 (citation omitted). In addition, the commission was entitled to accept claimant’s testimony that he and Chris Stewart had been hired to work the remainder of the summer with Jeff Stewart.
Employer argues the deputy commissioner impermissibly relied upon certain documents filed with the Virginia Employment Commission in violation of Code § 60.2-623. The commission found the error to be harmless, stating: “Our review of the evidence ... leads us to conclude that the deputy commissioner did not find that those reports were determinative on the jurisdictional issue. Indeed, she relates, ‘There were other employees named by [the employer] that were not reflected on these [quarterly] reports....’” The direct evidence and inferences drawn from that evidence support the commission’s finding that employer regularly employed three or more persons and was, therefore, subject to the commission’s jurisdiction. Accordingly, we find as a matter of law that employer failed to sustain its burden of proof.
For these reasons, we affirm the commission’s decision finding that it had jurisdiction under the Act over claimant’s claim.

Affirmed.