COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


UNINSURED EMPLOYER'S FUND

                                  MEMORANDUM OPINION* BY
v.    Record No. 1901-02-1      JUDGE JERE M.H. WILLIS, JR.
                                       MARCH 18, 2003
KEVIN M. CORNELIUS AND
 15TH STREET AMUSEMENT PARK, L.L.C.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          John J. Beall, Jr., Senior Assistant Attorney
          General (Jerry W. Kilgore, Attorney General;
          Richard L. Walton, Jr., Senior Assistant
          Attorney General, on brief), for appellant.

          Stephen A. Strickler (Inman & Strickler, PLC,
          on brief), for appellee Kevin M. Cornelius.

          No brief or argument for appellee 15th
          Street Amusement Park, L.L.C.


     The Uninsured Employer's Fund (the Fund) appeals a decision

of the Workers' Compensation Commission awarding compensation

benefits to Kevin M. Cornelius (claimant).  The Fund contends

the commission erred in holding that 15th Street Amusement Park,

L.L.C. (employer) regularly employed three or more employees

within the Commonwealth on the date of claimant's injury by

accident, thereby subjecting employer to the commission's

───────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

jurisdiction.  See Code § 65.2-101 "Employee" (2)(h).  Finding

no error, we affirm.

> "The threshold jurisdictional issue
> which the commission had to decide was
> whether the employer regularly had in his
> service three or more employees so as to
> come within the coverage of the Act.
> '"Employee" means . . . [e]very person
> . . . in the service of another under any
> contract of hire or apprenticeship, written
> or implied, except . . . one whose
> employment is not in the usual course of the
> trade, business, occupation or profession of
> the employer.'  Both full-time and part-time
> employees who are regularly employed to
> carry out the trade or business of the
> employer must be counted in determining the
> number of employees 'regularly in service'
> to the employer.  'Any person hired by the
> employer to work in the usual course of the
> employer's business is an "employee" under
> the Act regardless of how often or for how
> long he may be employed.'  The number of
> employees regularly in service of the
> employer is the number 'used to carry out
> the established mode of performing the work
> of the business . . . even though the work
> may be recurrent instead of constant.'"

Uninsured Employer's Fund v. Kramer, 32 Va. App. 77, 82, 526

S.E.2d 304, 306 (2000) (quoting Smith v. Hylton, 14 Va. App.

354, 356, 416 S.E.2d 712, 714 (1992) (citations omitted)).

In affirming the deputy commissioner's finding that the

employer was subject to the commission's jurisdiction, the

commission found as follows:

> This employer had three or more
> employees regularly in service during its
> business season as an amusement park.
> [Bruce] Mimran[, the operating owner of the
> business,] testified that the employer
> employed over 15 people in July 2000.

Although most of the amusement park rides were removed [on or about August 7, 2000] after a dispute with the company that owned them, the employer continued to operate several booth games and a parking lot until September 2000. These operations logically required fewer employees as the season moved to a close. After Labor Day 2000, the claimant was the only employee left on the payroll. He testified that he continued to operate a game booth and a parking lot after Labor Day, but that around the time of the accident he only parked cars. In March 2001, the employer resumed its operations with the requisite number of employees needed to run an amusement park.

\* \* \* \* \* \* \*

The employer's established mode of business involved operating an amusement park during the appropriate seasons, and it admittedly and necessarily employed over three employees to carry out this business. The claimant's injury occurred while he was breaking down a game setup at the end of the season. The claimant's status as a covered employee should not fluctuate merely because his injury occurred at the end of the season when the employer needed one employee on the payroll, as opposed to during the height of the amusement park season when it employed well over three employees.

On appeal, we view the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

- 3 -

The testimony of Mimran and claimant supports the commission's findings. "That evidence established that at various times during the year preceding claimant's injury by accident, employer '"used [three or more employees] to carry out the established mode of performing the work of the business . . . even though the work [might have been] recurrent instead of constant."'" Kramer, 32 Va. App. at 83, 526 S.E.2d at 306 (citation omitted).

On direct examination, Mimran agreed that employer's business was "to run an amusement park." He acknowledged that when he opened the amusement park in July 2000, the business employed fifteen to twenty-one people, including claimant. The amusement park's rides were removed in August 2000 due to a dispute between employer and the company that owned the rides. The Fund argues that the removal of the rides terminated the employer's operation of the business. However, the evidence establishes that even after the removal of the rides, the employer continued its business, operating games and the parking lot.

The removal of the rides did not change employer's ongoing need for three or more employees to run its amusement park when fully operational. When employer resumed its amusement park operation in March 2001, it employed well over three employees. The seasonal nature of employer's amusement park business, which caused fluctuations in its total number of employees, did not

- 4 -

eliminate the commission's jurisdiction where, as here, credible evidence proved that employer regularly had in service three or more employees "'to carry out the established mode of performing the work of the business [of an amusement park] . . . .'"  Id. at 82, 526 S.E.2d at 306 (citation omitted).

For these reasons, we affirm the commission's decision.

Affirmed.