HALEY, J.,
with whom ELDER and CLEMENTS, JJ., join, dissenting.
In the circuit court, the defendant proffered that the Commonwealth had offered no reason or cause in support of the motion to nolle prosequi the arrest warrant, in direct violation of the mandate of Code § 19.2-265.3. The majority writes: “Therefore, the trial court was entitled to consider the proffer as true.” In sum, the majority concedes the arrest warrant was illegally terminated. Code § 19.2-218 states:
*711 No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is a reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.
The majority then asserts that the circuit court had no jurisdiction to consider the consequences of this illegal termination. One cannot reconcile this assertion -with the reality that indictments are only returned in circuit courts and that any objection “based upon defects in the institution of the prosecution,” pursuant to Rule 3:A9(b), must be made before trial in the circuit court. In Triplett v. Commonwealth, 212 Va. 649, 651, 186 S.E.2d 16, 17 (1972), our Supreme Court wrote, “But where, as here, the defendant insists upon his statutory rights to a preliminary hearing and indictment, we hold the failure of the trial court to adhere to those procedural requirements is reversible error.”
Today, the majority eviscerates both Code § 19.2-265.3 and § 19.2-218, narrows the original jurisdiction of circuit courts, and overrules Triplett. I respectfully dissent.

1) The Majority and Triplett v. Commonwealth

Two features of the majority’s opinion contradict the majority’s reasoning. First, on two occasions, the majority cites Triplett for the proposition that the denial of a criminal defendant’s statutory right to a preliminary hearing pursuant to Code § 19.2-218 can be reversible error. See discussion, supra, at 700 and 703. Second, the majority announces that, “Wright was not entitled to a preliminary hearing on these facts.” One could conclude from this language that facts peculiar to Wright’s case compel the conclusion that her conviction must be affirmed while the conviction of another criminal defendant, upon facts meaningfully different from Wright’s, might still be reversed upon a finding that the defendant’s statutory right to a preliminary hearing had been violated.
*712 Yet the majority argues that the circuit court had no jurisdiction to decide that Wright’s right to a preliminary hearing had been violated because to do so would have been an impermissible exercise of appellate jurisdiction over the proceedings of the general district court. See discussion, supra, at 707. The majority further maintains that this Court has no jurisdiction to reverse Wright’s conviction for violations of Code §§ 19.2-218 and 19.2-265.3 because the nolle prosequi that prevented Wright’s preliminary hearing was entered by a general district court and not by a circuit court. See supra note 10. Even if one assumes that the majority is right on both points, it is clear that today’s decision overrules Triplett.
Every defendant who is arrested for a felony before indictment has a statutory right to a preliminary hearing. Code § 19.2-218. All of these hearings are conducted in district courts. When no hearing occurs, in violation of the statute, it is invariably true that it is the district court, not the circuit court, that erroneously failed to conduct the preliminary hearing. Thus, the majority’s holding that we cannot reverse Wright’s conviction because it was the district court, rather than the circuit court, that violated her rights under Code § 19.2-218 is also, in effect, a determination that no violation of Code § 19.2-218 will ever be reversible error.
The majority writes—“the rationale for the holding in Triplett does not control the outcome in this case”—without first discussing, or even mentioning, what the rationale for the holding in Triplett was.
In Triplett, the defendant was convicted of driving after having been declared an habitual offender. 212 Va. at 649, 186 S.E.2d at 16. “Triplett did not waive a preliminary hearing and one was not afforded him.” Id. at 650, 186 S.E.2d at 16. Triplett was also tried on a warrant without having first been indicted by a grand jury. Id. The Supreme Court framed the question presented thusly: “The primary question here is whether a defendant, who has not waived such requirements and duly objects, can be put on trial for his violation *713 where he has not received a preliminary hearing after his arrest and has not been presented or indicted by a grand jury.” Id.
In Triplett, the Commonwealth argued that neither a preliminary hearing nor an indictment was necessary because of [former] Code § 46.1-387.8 (providing that when an accused is charged with driving while his privilege to drive is suspended or revoked, the district court shall determine whether the accused has been held to be an habitual offender and, if so, shall certify the case to a court of record for trial). The Triplett decision rejected this argument.
This argument overlooks, however, the clear mandate of both [former] Code § 19.1-163.1, which sets forth when a preliminary hearing is required, and [former] Code § 19.1-162, which requires an indictment or presentment or a written waiver thereof before a person shall be put on trial for a felony.
It is true that the requirement for a preliminary hearing under [former] Code § 19.1-163.1 is not jurisdictional and constitutionally imposed but is only statutory and procedural. Likewise, the requirement for indictment is not jurisdictional and constitutionally imposed but is only statutory and procedural.
But where, as here, the defendant insists upon his statutory rights to a preliminary hearing and indictment, we hold the failure of the trial court to adhere to those procedural requirements is reversible error.
Id. at 650-51, 186 S.E.2d at 17 (citations omitted) (emphasis added).
Essentially, this is the only rationale that Triplett offered for the Court’s holdings on both the preliminary hearing question and on the indictment question. According to the logic of Triplett, the unlawful denial of either of these statutory requirements over the objection of the defendant is reversible error for exactly the same reason: because the legislature created both rights and the courts must therefore enforce them when their terms apply.
*714 The majority argues that Wright’s case is distinguishable from Triplett because Wright was indicted by a grand jury before her trial and Triplett was not. This argument might be persuasive had the Triplett decision not used exactly the same analysis in resolving the questions 1) whether the denial of the defendant’s statutory right to indictment was reversible error and 2) whether the denial of his right to preliminary hearing was reversible error. The majority concedes that Wright was arrested for a felony prior to her indictment; it concedes that she never received a preliminary hearing; it concedes that she did not waive her right to a preliminary hearing; and it concedes that Wright objected to the denial of her right to a preliminary hearing both in the general district court and in the circuit court. Thus, the majority effectively concedes that every component of the rationale for our Supreme Court’s holding in Triplett applies with equal force to Wright’s case.
This Court cannot overrule Supreme Court precedent. Martinez v. Commonwealth, 42 Va.App. 9, 19, 590 S.E.2d 57, 62 (2003); Bostic v. Commonwealth, 31 Va.App. 632, 635-36, 525 S.E.2d 67, 68 (2000); Minor v. Commonwealth, 16 Va. App. 803, 805, 433 S.E.2d 39, 40 (1993); Roane v. Roane, 12 Va.App. 989, 993, 407 S.E.2d 698, 700 (1991). The majority’s failure to reconcile the Triplett decision with its own view of the scope of the jurisdiction of both the circuit court and this Court negates the majority’s conclusion.

2) Original or Appellate Jurisdiction?

The majority’s treatment of the Triplett decision is not the only error I perceive. I believe the procedural implications of the majority’s jurisdiction analysis are fundamentally inconsistent with other Virginia decisions.
Though the nolle prosequi order that prevented Wright from having a preliminary hearing was entered by the general district court, Wright later raised the issue in the circuit court in a pretrial motion to dismiss the indictment. The majority argues that because a circuit court cannot sit as an appellate court unless authorized by law, see Code § 17.1-513, and because no statute expressly grants the circuit court appellate *715 jurisdiction to review a general district court’s nolle prosequi order, the circuit court thus had no jurisdiction to grant Wright’s pretrial motion to dismiss the indictment. Because an appeal to this Court lies from the final order of a circuit court, see Code § 17.1-406(A), the majority reasons that the error of the general district court fails to provide us with jurisdiction to reverse Wright’s conviction. The crucial—and I believe erroneous—premise of each of the majority’s jurisdictional holdings is that the granting of Wright’s pretrial motion to dismiss the indictment would have required circuit court appellate jurisdiction over the earlier decision of the district court.
If one considers the majority’s characterization of the circuit court’s action as an exercise of “appellate jurisdiction” without reference to any other legal authority, such a characterization is plausible but not persuasive. Granting Wright’s motion to dismiss the indictment would indeed resemble the work of an appellate court in one important way; it would have required a ruling by the circuit court that another court had erred in an earlier proceeding. But in other ways, the circuit court’s authority to rule on Wright’s pretrial motion was unlike an exercise of appellate jurisdiction as that term is commonly understood. First, the circuit court acquired jurisdiction over Wright’s case by indictment, not by petition for appeal or writ of error, which are the usual procedural devices that bring criminal cases before appellate courts. Code § 19.2-239 describes the jurisdiction of the circuit court over indictments as “original jurisdiction,” not appellate jurisdiction. Second, dismissal of the indictment in this case could be accomplished without reversing the district court’s nolle prosequi order or remanding the case to the general district court with instructions to conduct a preliminary hearing. The majority assumes that a circuit court’s dismissal of an indictment because the defendant did not receive a preliminary hearing in the general district court pursuant to Code § 19.2-218 is an illegitimate exercise of appellate jurisdiction; this assumption is no more plausible than the contrary view—that the circuit court had a duty, pursuant to Rule 3A:9(b), to determine the implications *716 of the general district court’s erroneous nolle prosequi ruling upon the validity of the indictment over which the circuit court had original jurisdiction pursuant to Code § 19.2-239.
Rule 3A:9, like all of the rules in Part Three A of the Rules of the Supreme Court of Virginia (“Criminal Practice and Procedure”), applies to criminal proceedings in a circuit court. See Rule 3A:1. Rule 3A:9(b) provides that certain defenses, including “[djefenses and objections based on defects in the institution of the prosecution,” must be raised by motion before trial. (Emphasis added). If the defendant fails to raise such defenses and objections in a pretrial motion, the objections are waived. At least one learned treatise has described “objections to the lack of a preliminary hearing” as one example of the sort of objection to a defect in the institution of the prosecution that must be raised in writing before the circuit court at least seven days prior to trial. Ronald J. Bacigal, Virginia Practice Series: Criminal Procedure § 14:1, n. 9 (2007-2008 ed.).
The text of Code § 19.2-218 strongly suggests that the erroneous failure of the general district court to conduct a preliminary hearing provides grounds for the type of objection described in Rule 3A:9(b).
No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.
Code § 19.2-218 (emphasis added). An indictment is one of several vehicles the Commonwealth may utilize to institute a felony prosecution in a circuit court. See Armel v. Commonwealth, 28 Va.App. 407, 409, 505 S.E.2d 378, 379 (1998). Because the final clause of Code § 19.2-218 provides that “no indictment shall be returned” prior to preliminary hearing unless the accused waives that right, a violation of the defendant’s statutory right to a preliminary hearing is a defect in the institution of the prosecution that must be raised in a *717 pretrial motion before the circuit court pursuant to Rule 3A:9(b).
Before addressing the contradiction between the majority’s jurisdictional analysis and prior Virginia decisions, it is important to emphasize the fundamental importance of jurisdiction to the sequence in which a court must consider and decide legal issues. Saint George Tucker wrote: “At the very threshold of this enquiry is the question of jurisdiction; a question first to be disposed of, since, without jurisdiction, this court has no authority to decide the merits of the controversy, except so far as they are inseparably connected with, and lay a foundation for, the exercise of jurisdiction.” James River & Kanawha Co. v. Anderson, 39 Va. (12 Leigh) 278, 307 (1841) (Tucker, P., concurring). “Jurisdiction is always a threshold issue.” Parrish v. Jessee, 250 Va. 514, 520, 464 S.E.2d 141, 145 (1995); see also XL Specialty Ins. Co. v. Dept. of Transp., 269 Va. 362, 367, 611 S.E.2d 356, 359 (2005); Green v. Commonwealth, 263 Va. 191, 194, 557 S.E.2d 230, 232 (2002); James v. Arlington County Bd. of Supervisors, 226 Va. 284, 289, 307 S.E.2d 900, 903 (1983); Hanger v. Commonwealth, 107 Va. 872, 873, 60 S.E. 67, 67 (1908); Uninsured Employers’ Fund v. Kramer, 32 Va.App. 77, 82, 526 S.E.2d 304, 306 (2000); White v. Garraghty, 2 Va.App. 117, 118, 341 S.E.2d 402, 403 (1986).
Accordingly, a court must have jurisdiction before it may legitimately reach the merits of any case and proceed to resolve the merits in favor of either party. The majority holds that a circuit court has no jurisdiction to consider the effect of an error of a general district court upon the validity of an indictment. The majority also holds that, because appellate courts hear appeals from the judgment of circuit courts, not general district courts, appellate courts have no jurisdiction to consider whether or not a general district court erred. If the majority is correct, one would expect to find no appellate decisions that reach the merits of the question of whether error was committed in a district court. The existence of several such Virginia appellate decisions contradicts the majority’s holding.
*718 In Williams v. Commonwealth, 208 Va. 724, 160 S.E.2d 781 (1968), the defendant was convicted of murder and appealed to our Supreme Court. At his preliminary hearing, the Commonwealth called witnesses and moved the judge to certify the case to the grand jury. Id. at 725, 160 S.E.2d at 782. The defendant objected that the motion was premature because he wished to call witnesses and because Code § 19.1-101 [now § 19.2-183] provided that the court should examine witnesses “for and against” the accused. Id.
In their argument to the judge, however, counsel said that they intended to call witnesses who would testify about an incriminating oral statement and a written confession allegedly made by Williams. One of the defense counsel said: “[We] understand that the defendant made a statement. We feel that this is the best opportunity to bring it out. The circumstances growing out of that alleged statement.” The other defense counsel said: “I ... concur____ We should have an opportunity to submit evidence also on the confession.”
The county judge overruled defense counsel’s objection and, without hearing further evidence, certified the case to the grand jury. The grand jury subsequently indicted Williams for murder.

Id.

The defendant’s first assignment of error concerned “[t]he circuit court’s overruling the motion to quash the indictment because of alleged error by the county judge at the preliminary hearing.” Id. at 728, 160 S.E.2d at 784. If the majority’s view of the jurisdictional issues in this case were correct, one would have expected the Supreme Court to announce that it had no jurisdiction to consider this assignment of error because the alleged error was committed by the county court,[11] not the circuit court. One would also have expected the Supreme Court to have ruled that the circuit court had no *719 jurisdiction to consider the defendant’s motion to quash the indictment for the same reason. Instead, the Supreme Court reached the merits of the question and decided that the circuit court did not err in overruling the defendant’s motion to quash the indictment because the county court correctly excluded the defendant’s proffered evidence at the preliminary hearing.
So counsel complained of the county judge’s actions at the preliminary hearing not because they were denied the right to present evidence for Williams, but because they were denied the right to discover evidence that might be used by the Commonwealth at a subsequent trial in the circuit court. Neither Code § 19.1-101 [now § 19.2-183] nor any Rule of Court gave counsel for the accused the right to call witnesses at the preliminary hearing for the purpose of discovery. We therefore hold that the county judge was not required to permit counsel to call witnesses for the purpose of discovery, and that the circuit court committed no error in overruling the motion to quash the indictment.
Id. at 729, 160 S.E.2d at 784-85. Because jurisdiction is a threshold issue, it would have been improper for the Supreme Court to decide Williams on this basis if today’s majority were correct in their view of the scope of either circuit court or appellate court jurisdiction.
The Court’s approach in Foster v. Commonwealth, 209 Va. 297, 163 S.E.2d 565 (1968), is also inconsistent with the majority’s view of the jurisdictional issues in this case. As in Williams, one of the defendant’s assignments of error was the refusal of the hustings court[12] to quash the indictment because the defendant had been denied a proper preliminary hearing in the police court.[13] Id. at 298, 163 S.E.2d at 566. *720 The defendant had summoned twelve witnesses for his preliminary hearing. Id.
The Commonwealth’s attorney objected to the examination of [a particular police officer] and [several others], suggesting that the sole purpose of defense counsel was to indulge in a “fishing expedition.” Counsel for defendants argued that [a detective’s] evidence would be relevant to some of the motions he had made during the preliminary hearing which had been overruled, and that “the defendants have the right to present evidence to contradict what the Commonwealth has put on and to bring out other features of their case at this time.” Counsel did not represent to the court that the evidence expected from the remaining eight police officers would either tend to show that no crime was committed or that any of the defendants was not connected with it.
Id. at 299, 163 S.E.2d at 566-67. As in Williams, the Supreme Court held that the hustings court did not err in denying the defendant’s motion to quash the indictment because the court not of record that conducted the defendant’s preliminary hearing correctly determined that Code § 19.1-101 [now § 19.2-183] did not give the defendant the right to call witnesses at a preliminary hearing for the purposes of discovery. Id. at 300, 163 S.E.2d at 568. Again, jurisdiction is a threshold issue. If the majority’s view that an appellate court has no jurisdiction to consider whether an error committed at a preliminary hearing in a district court affected the validity of a defendant’s indictment in a court of record, then there is simply no legitimate way that the proposition that a criminal defendant may not use a preliminary hearing for discovery purposes could ever have found its way into the pages of the opinions of an appellate court.
The same conclusion is implicit in the reasoning of Moore v. Commonwealth, 218 Va. 388, 237 S.E.2d 187 (1977). In Moore, the defendant was arrested before her indictment and the general district court found no probable cause after a full presentation of the evidence at a preliminary hearing. Id. at 389, 237 S.E.2d at 189. The Commonwealth later obtained *721 grand jury indictments for the same offenses in the circuit court, and the defendant moved the circuit court to dismiss the indictments. Id. at 390, 237 S.E.2d at 189. The defendant appealed, arguing that, having been arrested on a warrant, she could not be indicted on the same charges that had been dismissed after the presentation of evidence at her preliminary hearing. Id. at 393, 237 S.E.2d at 191. The defendant relied upon certain language from Webb v. Commonwealth, 204 Va. 24, 31, 129 S.E.2d 22, 27 (1963), stating that the legislature had changed the holding in Benson v. Commonwealth, 190 Va. 744, 58 S.E.2d 312 (1950), “by granting an accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury.” Webb, 204 Va. at 31, 129 S.E.2d at 27. Our Supreme Court affirmed the defendant’s conviction, noting that:
The defendant dwells on the foregoing statement and argues it establishes that the only route to an indictment after arrest is through a preliminary hearing. In Webb, we were addressing a Benson-type situation in which the Commonwealth’s Attorney bypassed a preliminary hearing and went directly to the grand jury when the defendant already had been arrested. The case at bar is quite different. Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination. And, there is nothing in Webb, or the statute, as we have said, which affords any additional guarantee to an accused under arrest except that he shall be entitled to a preliminary hearing “prior” to the bringing of an indictment against him on the same charge.
Moore, 218 Va. at 395, 237 S.E.2d at 193 (emphasis added). Again, the clear implication is that, if the defendant in Moore had not been afforded a preliminary hearing by the general district court, her conviction would have been reversed because the circuit court’s denial of her motion to dismiss the new indictments against her would have been error. There would have been no reason to include the above language in *722 the Moore decision if the case could have been resolved on the narrower, threshold issue of subjection matter jurisdiction.
In Lebedun v. Commonwealth, 27 Va.App. 697, 501 S.E.2d 427 (1998), the defendant was arrested for robbery and had a preliminary hearing in the general district court.
The circuit court granted Lebedun’s in forma pauperis motion to provide a court reporter to record and transcribe the testimony at the preliminary hearing. However, the court reporter did not appear at the preliminary hearing. After advising the general district court judge that a court reporter had been authorized to transcribe the hearing and was not present, Lebedun made a motion for a continuance of the preliminary hearing. Apparently, no effort was made to obtain the services of another court reporter. The Commonwealth objected to a continuance, noting that seven witnesses were present and prepared to testify. The general district court denied the motion for continuance. Lebedun’s counsel tape recorded the preliminary hearing, but, according to Lebedun, several portions of the witnesses’ testimony were inaudible or incomplete. On appeal, Lebedun asks us to dismiss the indictment and remand the case to the general district court for a preliminary hearing with a court reporter.
Id. at 712, 501 S.E.2d at 434. In deciding this question, this Court noted that a ruling on a motion for a continuance rests within the sound discretion of the trial court. Id. Partly because of the presence of several •witnesses who would have been inconvenienced by a continuance, and partly because the defendant did not show prejudice from the denial of his continuance request, this Court affirmed the defendant’s conviction. “We find that, under the circumstances, the general district court’s denial of the motion for a continuance was not an abuse of discretion. Accordingly, we decline to dismiss the indictment and remand the case to the general district court for a preliminary hearing.” Id. at 714, 501 S.E.2d at 435. If this Court has no appellate jurisdiction to consider alleged legal errors committed by general district courts, as the *723 majority’s logic suggests, it is difficult to understand why this Court reached the merits of the continuance issue in Lebedun.
Of course, the en banc Court of Appeals has the power to overturn or modify Lebedun. Code § 17.1-402(d). But it has no power to overturn Williams, Foster or Moore. Each of these cases strongly suggests that a circuit court’s original jurisdiction over an indictment pursuant to Code §§ 17.1-513 and 19.2-239 provides it with authority to decide a motion to dismiss an indictment alleging the accused was unlawfully denied a preliminary hearing, a motion that must be made in writing seven days prior to trial pursuant to Rule 3A:9(b). If the circuit court had no jurisdiction to grant such a motion, as the majority argues, our Supreme Court would have so held. The procedural posture of Williams and Foster, in both the circuit (or hustings) courts and in the Supreme Court was identical to the procedural posture of Wright’s case. In each case, the defendant moved to dismiss the indictment based on an alleged error committed by a court not of record during his preliminary hearing. And, in each case, the Supreme Court reached the merits of the issue, deciding that the court not of record did not err and that the circuit (or hustings) court was, therefore, correct in refusing to dismiss the indictment. Foster, 209 Va. at 300-01, 163 S.E.2d at 568; Williams, 208 Va. at 729, 160 S.E.2d at 784-85.
The majority is unsuccessful in their attempt to distinguish these cases. Williams and Foster, the majority argues, are different from this case because they reviewed the disputed evidentiary rulings of a court not of record, rulings that were made during the same continuous prosecution that eventually reached our Supreme Court on direct appeal. In this case, the argument continues, the original prosecution was terminated by the disputed nolle prosequi order; and we have no jurisdiction to review errors in the terminated prosecution. This distinction ceases to be tenable in light of my analysis in the portion of Part 3 of this dissent discussing our precedents interpreting Code § 19.2-265.3. For the reasons offered there, the language in our cases stating that a nolle prosequi terminates the charge as though it had never existed is qualified by *724 the need for a deferential inquiry into whether the nolle proseuqui of the offense in the earlier proceeding was supported by good cause. See discussion, infra, at 733. The majority opinion makes no response to this argument.
Moreover, the majority’s treatment of Foster and Williams creates an illogical result. The majority essentially concedes, in their attempt to distinguish these cases, that they would reverse the conviction of a defendant if his right to call for evidence in his favor at his preliminary hearing pursuant to Code § 19.2-183 was unlawfully denied by the ruling of a district court. Such an error would, after all, occur in the course of the same continuous prosecution that might make its way to this Court on direct appeal. But the majority would refuse—and today does refuse—to reverse the conviction of a defendant who was denied any aspect of a preliminary hearing in violation of Code § 19.2-218. This reasoning offers the remedy of reversal and new trial to correct a Code § 19.2-183 procedural violation in the course of a preliminary hearing while denying the possibility of any remedy whatsoever for an accused who receives no preliminary hearing.
The majority’s effort to distinguish Moore is no more successful. “Moore involved two issues: first, whether the Double Jeopardy Clause precluded further prosecution after dismissal at a preliminary hearing; and second, whether the statute required a preliminary hearing once the defendant was indicted for the same offense.” Supra, at note 8. Their characterization of the second issue is misleading. “The second question presented by defendant is whether, under ‘the statutory scheme’ in Virginia, dismissal of felony charges against an accused at a preliminary hearing prohibits a subsequent indictment against the defendant on the same charges.” Moore, 218 Va. at 393, 237 S.E.2d at 191. In resolving this question, our Supreme Court found it necessary to mention that:
Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination. And there is nothing in Webb, or the statute, as we have said, which affords any additional guarantee to an *725 accused under arrest except that he shall be entitled to a preliminary hearing “prior” to the bringing of an indictment against him on the same charges.
Id. at 395, 237 S.E.2d at 193 (emphasis added). The Supreme Court’s resolution of this question necessarily adopts the view that they had jurisdiction to reverse the defendant’s conviction if the record in that case had shown that the defendant, like Wright, had not received a preliminary hearing prior to her indictment.

3) Statutory Interpretation

The majority does not contend that the proceedings below complied with the text of Code §§ 19.2-218 and 19.2-265.3. They do not aver, for example, that the Commonwealth can somehow satisfy the “good cause” requirement of Code § 19.2-265.3 without offering some reason for seeking an order of nolle prosequi. Nor do they dispute that Wright was arrested for a felony offense, that the arrest preceded her indictment for the same offense in the circuit court, that she never received a preliminary hearing, and that she did not waive her right to a preliminary hearing. The only logical attempt by the majority to reconcile the validity of Wright’s conviction with the clear violation of these statutes is to state that it does not matter that these statutes were violated. Pursuant to the majority’s view of jurisdiction, Wright has no remedy in either the circuit court or in this Court for the general district court’s violations of Code §§ 19.2-218 and 19.2-265.3. As the first two parts of this dissent have explained, I believe these jurisdictional holdings are untenable because they contradict controlling precedents of our Supreme Court.
If the majority were right about jurisdiction, however, the doctrine of judicial restraint would counsel the wisdom of ignoring the merits of Wright’s argument that the circuit court violated her right to a preliminary hearing pursuant to Code § 19.2-218. See Luginbyhl v. Commonwealth, 48 Va.App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc). I note that the majority’s holding on the question of jurisdiction, which is the *726 most narrow basis for decision, is preceded by a discussion both irrelevant and unnecessary to the majority’s ultimate reason for deciding the case as they do, i.e. jurisdiction. Specifically, the majority argues that reasons that the legislature created a statutory right to a preliminary hearing do not apply in Wright’s case and that the indictment in the circuit court mooted any violation of Code § 19.2-218.
I believe this argument is faulty for at least two reasons. First, it is a common form of legal reasoning to examine the perceived rationale for the existence of a rule or statute and then to ask whether the application of that rule or statute in a particular case does or does not serve that perceived rationale. But it is unusual, when a case requires statutory interpretation, to analyze only the perceived rationale for the statute and to ignore the statutory text. Second, for the reasons set out in detail in the panel decision in this case, Wright v. Commonwealth, 51 Va.App. 628, 640-46, 659 S.E.2d 583, 589-92 (2008), I believe the majority’s argument regarding the rationale for Code § 19.2-218 is inconsistent with the statutory text. The majority makes no attempt to explain this inconsistency.
Like the majority’s citation to Triplett and the suggestion that Wright was not entitled to preliminary hearing “on these facts,” this argument is logically irrelevant to the jurisdictional issue on which the case is decided and serves only a stylistic purpose. Emphasizing the limited practical consequences that clear violations of Code §§ 19.2-218 and 19.2-265.3 imposed upon Wright is no substitute for an analysis of the text of those statutes as applied to Wright, I shall make that analysis.
Code § 19.2-218
The majority contends that, to be entitled to a preliminary hearing, Wright
needed to show one of two things: (1) that the district court’s order of nolle prosequi was void ab initio and that she therefore remained charged at the time of her indictment; or (2) that the order of nolle prosequi was voidable *727 and the circuit court had the authority to review the order, reverse it for error, and reinstate the original warrant.
See discussion supra at 703. The majority cites no authority for this proposition, and none of the language quoted above can be found in the text of Code § 19.2-218, which expressly provides that “no person who is arrested on a charge of felony shall be denied a preliminary hearing ... and no indictment shall be returned in a court of record against any such person unless such hearing is waived in writing by the accused.” “In construing a statute, we must apply its plain meaning, and ‘we are not free to add [to] language, nor to ignore language, contained in statutes.’ ” BBF, Inc. v. Alstom Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) (quoting SIGNAL Corp. v. Keane Federal Sys., Inc., 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)). Thus, Wright established she was entitled to a hearing when she demonstrated that she was arrested on a felony warrant prior to her indictment in the circuit court. By its terms, Code § 19.2-218 imposed no additional burden on Wright beyond this, and the majority ignores a fundamental rule of statutory interpretation in choosing to add language to the statute that the legislature did not see fit to include.
The majority argues that Wright’s indictment in the circuit court mooted the error of the general district court in granting the Commonwealth’s original motion to nolle prosequi the earlier charge without good cause. The majority emphasizes that both a grand jury indictment and a preliminary hearing act as screening procedures. The purpose of each procedure is to establish probable cause before an accused may be tried in a court of record for a felony. See Webb, 204 Va. at 31, 129 S.E.2d at 28. Thus, the argument continues, the indictment in the circuit court gave back to Wright exactly what she was unlawfully denied in the general district court, i.e. a probable cause determination before her trial.
The legislature is presumed to know the law when enacting legislation. See Charles v. Commonwealth, 270 Va. 14, 19, 613 S.E.2d 432, 434 (2005). We must, therefore, presume that the legislature knew when it enacted Code § 19.2-218 that both a preliminary hearing and a grand jury indictment operate as *728 screening procedures for a probable cause determination. Nevertheless, the legislature decreed that, “no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.” Code § 19.2-218. According to the plain language of the statute, the validity of any indictment against a person who has been arrested prior to indictment depends upon the occurrence of a preliminary hearing or a valid waiver. The majority’s suggestion that a subsequent indictment cures any violation of Code § 19.2-218 ignores the express command of the legislature.
Moreover, if the legislature had intended that a circuit court indictment would cure any prior violation of Code § 19.2-218, it knew how to achieve this result. We know this because the legislature has expressly provided that the failure to observe certain statutory procedures before a juvenile and domestic relations district court may transfer jurisdiction of a juvenile to the circuit court are cured by a subsequent indictment in the circuit court. “An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile’s age.” Code § 16.1-269.1(E); see Barnes v. Commonwealth, 33 Va.App. 619, 628, 535 S.E.2d 706, 711 (2000) (“The Code of Virginia is replete with references to the violation of specific abduction statutes, and, therefore, if the legislature had intended to limit Code § 18.2-32 to abduction in violation of Code § 18.2-48, it would have done so, as it did in so many other statutes.”); Bishop v. Commonwealth, 20 Va.App. 206, 211, 455 S.E.2d 765, 767-68 (1995) (“Had the legislature intended for courts to impose a felony sentence solely upon proof that an habitual offender drove after consuming alcohol, the legislature could have included such a penalty, as it did in subsection (B)(3).”); Broomfield v. Jackson, 18 Va.App. 854, 858, 447 S.E.2d 880, 882 (1994) (“When the legislature has deemed it prudent to do so, it has made specific reference in the APA to selected provisions of Title 8.01. See, e.g., Code § 9-6.14:5.”); Williams v. Commonwealth, 5 Va.App. 514, 519, 365 S.E.2d 340, 343 (1988) (“If the legislature intended to make knowl *729 edge or intent an element of the offense of speeding, it would have done so as it has with other offenses in the Motor Vehicle Code. See, e.g., Code § 46.1-15.1.” (citations omitted)).
The majority opinion ignores not only the plain language of Code § 19.2-218 but also the clear intent of the legislature in enacting it. In 1950, our Supreme Court decided Benson, 190 Va. 744, 58 S.E.2d 312. The defendant in Benson was arrested on a felony warrant and insisted that the police court (the forerunner of the general district court, see swpra note 14) conduct a prehminary hearing before witnesses were allowed to testify before a grand jury. Id. at 749-50, 58 S.E.2d at 314. Instead of holding a prehminary hearing, the Commonwealth dismissed the warrant. Id. Our Supreme Court held that a defendant arrested on a warrant “had no right, either statutory or constitutional, to be afforded a prehminary hearing prior to the finding of the indictment or to his trial thereon.” Id. at 750, 58 S.E.2d at 314. Thereafter, as the Supreme Court observed in Webb, the legislature acted to alter the holding in Benson.
It may reasonably be assumed from the language in Code § 19.1-163.1 [now Code § 19.2-218] that it was enacted to change the effect of our holding in the Benson case by granting an accused the right to a prehminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury.
Webb, 204 Va. at 31, 129 S.E.2d at 27. Because the legislature created the statutory right to a prehminary hearing to change the result of Benson, and because the result of Benson was that the conviction of a defendant arrested for a felony prior to indictment would not be reversed on account of the refusal of a court not of record to conduct a prehminary hearing, it is logical to assume that the legislature, in enacting Code § 19.2-218, intended that the statute would apply to courts not of record and that violations of the statutory right to a prehminary hearing would be reversible error.
Other decisions discussing the statutory right to a prehminary hearing are in accord with this conclusion. In Webb, the *730 Supreme Court ruled that the statutory right to a preliminary hearing applied only to persons arrested before indictment and held that
under the procedure followed in [Webb ] the statute has no application. It applies to a person who has been arrested on a felony charge prior to an indictment by a grand jury. Here the defendant had not been arrested or charged with any offense prior to the return of the indictment.
Id. at 31, 129 S.E.2d at 27-28. It is true that the Court stated in Webb that “[it] has consistently held that a preliminary examination of one accused of committing a felony is not necessary where an indictment has been found against him by a grand jury.” Id. at 30-31, 129 S.E.2d at 27. However, the only authorities the Court cited for this proposition were Benson and Jones v. Commonwealth, 86 Va. 661, 10 S.E. 1005 (1890). The Supreme Court decided both of these cases before the legislature created a statutory right to a preliminary hearing in 1960.
It was the fact that the defendant had not been arrested prior to indictment, not the theory that an indictment cures any prior errors in the prosecution, that persuaded our Supreme Court to affirm the defendants’ convictions in both Webb and Land v. Commonwealth, 211 Va. 223, 224-25, 176 S.E.2d 586, 587-88 (1970). In Land, the Court explained,
[The defendant] takes the position that when he was taken to police headquarters for questioning he was arrested and thus brought within the provisions of Code § 19.1-163.1 [now Code § 19.2-218]. We do not agree.
The record shows that [the defendant] twice went voluntarily to the police station, as indeed he admitted, and that each time he freely departed at the conclusion of the interview. He was not arrested until several weeks later, after the grand jury had indicted him. Hence [the defendant] was not entitled to a preliminary hearing and the trial court properly overruled his motion to quash the indictments.
Id. at 225, 176 S.E.2d at 588. It is difficult to see why the Supreme Court would trouble itself to explain that the defen *731 dant went to the police station voluntarily and, therefore, had no statutory right to a preliminary hearing if the fact of his subsequent indictment meant that no violations of the defendant’s statutory right to a preliminary hearing that might have occurred before he was indicted could possibly affect the validity of his conviction. If valid, the principle that an indictment “cures” any prior irregularities would have been a more narrow rationale for affirming the trial court’s decision. The clear implication is that the Supreme Court would have reversed the defendant’s conviction if the defendant had been arrested before the indictment and been unlawfully denied his statutory right to a preliminary hearing.
The same implication is present in the reasoning of Moore, 218 Va. 388, 237 S.E.2d 187, already mentioned in my discussion of the jurisdictional issues in this case. In deciding Moore, our Supreme Court made a careful effort to distinguish the defendant’s situation from a situation in which reversal would be required.
The case at bar is quite different. Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination. And, there is nothing in Webb or the statute, as we have said, which affords any additional guarantee to an accused under arrest except that he shall be entitled to a preliminary hearing “prior” to the bringing of an indictment against him on the same charge.
Id. at 395, 237 S.E.2d at 193. There would be no reason to include this language in the Moore decision if the case was susceptible of resolution on the narrower ground that the defendant’s later indictment cured any prior claims she may have had regarding her statutory right to a preliminary hearing. “An appellate court decides cases on the ‘best and narrowest grounds available.’ ” Luginbyhl, 48 Va.App. at 64, 628 S.E.2d at 77 (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531, 111 S.Ct. 913, 922, 112 L.Ed.2d 1125 (1991) (Stevens, J., concurring)). Because we are obliged to assume that our Supreme Court followed this principle in deciding Webb, Land, and Moore, the majority *732 is wrong to suggest that the indictment in the circuit court cured the violation of Wright’s right to a preliminary hearing.
Code § 19.2-265.3
The majority relies on Armel for the proposition that a person whose charges are dismissed by an order of nolle prosequi is not under legal restraint because “the situation is the same as if ‘the Commonwealth had chosen to make no charge.’ ” Armel, 28 Va.App. at 409, 505 S.E.2d at 380. However, the cases interpreting Code § 19.2-265.3 expressly qualify the extent to which a nolle prosequi “terminates the charges ... as if they had never existed.” Indeed, our Supreme Court has expressly defined a standard of review for an appellate court’s ruling on a criminal defendant’s claim that the nolle prosequi of the same offense in an earlier proceeding was not based on good cause as defined in Code § 19.2-265.3:
We review the granting of a motion for nolle prosequi under well-settled principles of law. Code § 19.2-265.3 provides that “nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefore shown.” The express language of the statute commits a finding of good cause to the discretion of the trial court. “In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court’s action.” Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997). Accordingly, the granting of a motion for a nolle prosequi will only be overturned if there is clear evidence that the decision to grant the motion was not judicially sound.
Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999).
During oral argument, the Commonwealth further contended that [the defendant] is barred from collaterally challenging the granting of the motion for nolle prosequi, asserting that his remedy was to have challenged the trial court’s action on direct appeal. We disagree____[The defendant’s] right of appeal accrued only when he was convicted under *733 the second indictment. The issues before us arise from his assertion of his speedy trial rights, including the claim that the original indictment was improperly terminated during that prosecution.
Id. at 583 n. 4, 520 S.E.2d at 829 n. 4 (emphasis added). If no court could consider the reasons for another court’s prior order to nolle prosequi the same charge in an earlier proceeding, our Supreme Court would never have set forth a standard for the appellate review of nolle prosequi orders. Moreover, the Supreme Court’s rejection of the Commonwealth’s argument that a criminal defendant is barred from collaterally attacking the nolle prosequi of the same offense in an earlier proceeding is also inconsistent with the unqualified assertion that the nolle prosequi invariably “ ‘lays to rest the indictment and the underlying warrant, as though they never existed.’ ” Burfoot v. Commonwealth, 23 Va.App. 38, 44, 473 S.E.2d 724, 727 (1996) (quoting Arnold v. Commonwealth, 18 Va.App. 218, 222, 443 S.E.2d 183, 185 (1994)).
The majority’s description of the authorities interpreting Code § 19.2-265.3 is, therefore, misleading because it fails to recognize that the foregoing language is qualified by the need, pursuant to Harris, for a narrow and deferential inquiry into whether good cause existed for the nolle prosequi of the same offense in an earlier proceeding when the defendant alleges that the nolle prosequi of the same offense in the earlier proceeding was without good cause. Consistent with our analysis of the majority’s jurisdictional holdings in Part 2 of this dissent, I believe that a circuit court must undertake a similar inquiry when the defendant makes a pretrial motion to dismiss the indictment based on the denial of his statutory right to a preliminary hearing pursuant to Rule 3A:9(b).
Finally, the majority’s decision to affirm Wright’s conviction is inconsistent with the text of Code § 19.2-265.3. “Pursuant to the plain language of Code § 19.2-265.3, the Commonwealth is not entitled to a nolle prosequi unless it demonstrates the requisite good cause.” Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006). Again, it is undisputed that the Commonwealth offered no reason for the motion to *734 nolle prosequi Wright’s case in the general district court. This statute commits the nolle prosequi decision “to the discretion of the court.” If the legislature believed the type of court was relevant to the intended scope of the statute’s application, the legislature could have used the language, “court of record,” instead. This language would have restricted the application of the “good cause” provision of Code § 19.2-265.3 to circuit court nolle prosequi orders and would have compelled us to affirm Wright’s conviction. But the statute, as written, does not contain this language. “For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation.” Haley v. Haley, 272 Va. 703, 707, 636 S.E.2d 400, 402 (2006) (quoting Town of Crewe v. Marler, 228 Va. 109, 113-14, 319 S.E.2d 748, 750 (1984)). “Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.” Alston v. Commonwealth, 274 Va. 759, 774, 652 S.E.2d 456, 464 (2007) (quoting Chase v. DaimlerChrysler Corp., 266 Va. 544, 547-48, 587 S.E.2d 521, 522 (2003)).
Moreover, Code § 19.2-265.3 is located in Chapter 15 (“trial and its incidents”) of Title 19.2 of the Code of Virginia (“Criminal Procedure”). Other sections of Title 19.2, Chapter 15, refer to a specific court where the legislature specifically intends the section to apply only to a specific court. See Code § 19.2-241 (“The judge of each circuit court shall fix a day----”); § 19.2-243 (“Where a general district court has found that there is probable cause____”); § 19.2-251 (“A circuit court may, on motion of the accused or the Commonwealth, for good cause, order the venue for the trial of a criminal case----”); § 19.2-258.1 (“For any traffic infraction cases tried in a district court____”); § 19.2-265.4 (“In any criminal prosecution for a felony in a circuit court or for a misdemeanor brought on direct indictment....”). The presence of this specific language in these sections of Title 19.2 *735 Chapter 15 further suggests the legislature intended that Code § 19.2-265.3 apply to district courts as well as circuit courts.
CONCLUSION
For these reasons, I would hold the circuit court committed reversible error when it overruled Wright’s timely objection that the unlawful nolle prosequi of the same offense in an earlier district court proceeding deprived her of her statutory right to a prehminary hearing pursuant to Code § 19.2-218. I would reverse her conviction and dismiss the indictment without prejudice.

. At the time Williams was decided, county courts were courts not of record later replaced by the statewide system of general (and juvenile and domestic relations) district courts encompassing all counties and *719 cities as of July 1, 1973. 5A Michie’s Jurisprudence, Courts § 41, at 312.

. "[H]ustings courts were courts of coordinate dignity with circuit court....” 5A Michie’s, supra, at 316.

. Police courts were also courts not of record later replaced by our statewide system of general (and juvenile and domestic relations) district courts as of July 1, 1973. 5A Michie’s, supra, at 317.