Present: Hassell, C.J., Keenan, Koontz, Lemons, Agee, and
Goodwyn, JJ., and Russell, S.J.

TOWN OF LEESBURG                          OPINION BY
                                   SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 071164                    June 6, 2008

STEVE GIORDANO, JR., ET AL.

              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                        Thomas D. Horne, Judge

     Seven individuals and three homeowner's associations (the

complainants) brought this civil action against the Town of

Leesburg (the Town), challenging a town ordinance that

increased the water and sewer rates affecting properties the

complainants owned in Loudoun County, but outside the Town.

The Town interposed a plea in bar, asserting that the action

is barred by the 30-day special statute of limitations

contained in Code § 15.2-2627.  This is an interlocutory

appeal, certified pursuant to Code § 8.01-670.1, in which the

sole question is whether the circuit court erred by holding

the 30-day limitation inapplicable and overruling the Town's

plea in bar.

                         Facts and Proceedings

     By agreement of counsel, the plea in bar was submitted to

the circuit court on the pleadings, stipulated documents,

briefs and arguments of counsel.  The essential facts are

undisputed.

By a series of agreements with Loudoun County during the 1980's and 1990's, the Town was given the exclusive right to provide water and sewer services to out-of-town customers whose properties were located within an area of Loudoun County that includes the lands of the complainants. By an ordinance adopted on December 13, 2005, effective January 1, 2006, the Town Council increased the water and sewer rates by applying a 100% surcharge on the rates charged to out-of-town customers.[1] The services provided to residents and out-of-town customers were the same and the surcharge was not related to any difference in the cost of serving the two classes of customers.

The Town's plea in bar asserted that the rates were increased in order to generate revenue necessary to raise funds for a utility bond fund. A resolution authorizing the issuance of utility bonds up to $63,000,000 was adopted by the Town on February 14, 2006, providing that the bonds would be "payable from the revenues of the Town's water and wastewater system," which were pledged and made subject to a lien for that purpose. Pursuant to Code § 15.2-2607, a certified copy

---

[1] An initial 50% surcharge was applied in phases between July 1, 1998 and July 1, 2000. Combined with the additional surcharge effective January 1, 2006, out-of-town customers paid twice as much as in-town customers for water and sewer services beginning on January 1, 2006.

2

of the resolution was filed in the Circuit Court of Loudoun County on February 17, 2006.  The resolution made no mention of the December 13, 2005 ordinance or the rates the Town would charge its customers for water and sewer services.

The circuit court, reading Code §§ 15.2-2607 and 15.2-2627 together, decided that if the bond resolution had contained the rates to be charged the customers,[2] then the complainants' challenge would be barred if not made within 30 days of the filing of the certified copy of the bond resolution with the circuit court.  That deadline was 30 days after February 17, 2006.  The complainants' action was filed October 2, 2006.  Because the Town had elected not to include the rates in the resolution, however, the circuit court held Code § 15.2-2627 inapplicable and overruled the plea in bar.

The circuit court stayed further proceedings pending an interlocutory appeal and entered an order certifying the four reasons provided by Code § 8.01-670.1 that would justify an interlocutory appeal of the ruling.[3]  We awarded the Town an interlocutory appeal.

---

[2] The inclusion of such a provision in the resolution would have been permitted, but not required, by Code § 15.2-2607(6).

[3] "(i) there is substantial ground for difference of opinion, (ii) there is no clear, controlling precedent on point in the decisions of the Supreme Court of Virginia or the Court of Appeals of Virginia, (iii) determination of the issues will be dispositive of a material aspect of the

## Analysis

The pertinent paragraph of Code § 15.2-2627 provides as follows:

> For a period of thirty days after the date of the filing with the circuit court having jurisdiction over the locality of a certified copy of the initial ordinance or resolution of the governing body of the locality authorizing the issuance of bonds, any person in interest has the right to contest the validity of the bonds, the taxes to be levied for the payment of the bonds, the rates, rents, fees and other charges for the services and facilities furnished by, for the use of, or in connection with, any revenue-producing undertaking, the pledge of the revenues of any revenue-producing undertaking, any provisions which may be recited in any ordinance, resolution, trust agreement, indenture or other instrument authorizing the issuance of bonds, or any matter contained in, provided for or done or to be done pursuant to the foregoing. If such contest is not begun within the thirty-day period, the authority to issue the bonds, the validity of the taxes or the pledge of revenues necessary to pay the bonds, the validity of any other provision contained in the ordinance, resolution, trust agreement, indenture or other instrument, and all proceedings in connection with the authorization and the issuance of the bonds shall be conclusively presumed to have been legally taken and no court shall have authority to inquire into such matters and no such contest shall thereafter be instituted.

Our duty in applying this provision is "to construe the law as it is written," and we are also mindful that "[t]o depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret."

---

proceeding currently pending before the court, and (iv) the court and the parties agree it is in the parties' best interest to seek an interlocutory appeal." Code § 8.01-670.1.

4

Hampton Roads Sanitation Dist. Comm'n v. City of

Chesapeake, 218 Va. 696, 702, 240 S.E.2d 819, 823 (1978);

Faulkner v. Town of South Boston, 141 Va. 517, 524, 127

S.E. 380, 382 (1925).  We have often observed that

"[w]here the General Assembly has expressed its intent in

clear and unequivocal terms, it is not the province of

the judiciary to add words to the statute or alter its

plain meaning."  Jackson v. Fidelity & Deposit Co., 269

Va. 303, 313, 608 S.E.2d 901, 906 (2005).  Thus, we will

presume that the legislature chose, with care, the words

it used when it enacted the statute.  Id.  Furthermore,

courts cannot add language to the statute the General

Assembly has not seen fit to include, and neither are

they permitted to accomplish the same result by judicial

interpretation.  Id.

Although we have not previously been called upon to

construe Code § 15.2-2627, it is a part of the Public Finance

Act, now Code §§ 15.2-2600, et seq.  We considered the

legislative purpose of the prior version of the present

statutory scheme in Harper v. City of Richmond, 220 Va. 727,

737, 261 S.E.2d 560, 566 (1980), and we said:

> The overall statutory scheme . . . evinces a sound
> legislative purpose to provide for quick validation
> of bond issues.  While the governing body may
> proceed at any time to obtain validation, dissenters
> must act with dispatch.  Otherwise, if contestants

5

could proceed at any time, uncertainty would always overhang a bond issue.  Investor reluctance to purchase under such circumstances would discourage municipal authorities from attempting to sell the bonds.

As the circuit court noted, Code § 15.2-2627 contains an unusual special limitation providing that after the expiration of the 30-day period, "no court shall have authority to inquire into such matters."  Because of the drastic restriction this provision imposes upon the rights of persons aggrieved by the actions of public bodies to resort to the courts, we will construe the statute strictly, notwithstanding its salutary legislative purpose described in Harper.  See Steinman v. Jessee, 108 Va. 567, 572, 62 S.E. 275, 277 (1908) (strict construction applied to statutes that could preclude a party's opportunity to have a day in court).

The above quoted paragraph of Code § 15.2-2627 contains two sentences.  The first contains a list of subjects that may be contested in a judicial proceeding brought by "any person in interest" within 30 days of the filing of the bond resolution in the circuit court.  The list includes "the rates, rents, fees and other charges for the services and facilities furnished by . . . any revenue-producing undertaking."  Thus, the complainants could have brought this proceeding within 30 days of the filing of the resolution.

The second sentence, however, deals with a different subject. It specifies the consequences of a contestant's failure to act within 30 days. Those consequences are that (1) the authority to issue the bonds, (2) the validity of the taxes or the pledge of revenues necessary to repay the bonds, (3) the validity of any other provision contained in the ordinance, resolution, trust agreement, indenture or other instrument, and (4) all proceedings in connection with the authorization and issuance of the bonds, will be conclusively presumed to be lawful. The rates to be charged the customers for the services to be provided by the public body are absent from the list of matters potentially protected by the second sentence, although they were included in the first. We consider that omission to be significant.

The complainants' pleading makes no mention of the bond issue or of any proceedings undertaken by the Town in connection with it. The pleading makes no attack upon the validity of the bonds or upon any provision of any documents executed in connection with them. It is simply an attack on the Town's water and sewer rates, challenging their fairness and uniformity pursuant to Code §§ 15.2-2119 and 15.2-2143.

We agree with the circuit court's reasoning. If the Town had wished to include the rates to be charged to its customers in its bond resolution, it could have done so. Code § 15.2-

7

2607(6).  Those rates would then have been immunized from attack after the expiration of 30 days by the provisions of the second sentence of Code § 15.2-2627.  The Town, however, elected to omit the rates from its resolution, perhaps to preserve flexibility to alter the rates at any time without involving the rights of bondholders.  The rates therefore fell outside the protection of Code § 15.2-2627, and the circuit court correctly decided that its 30-day limitation was inapplicable to the complainants' claim.

## Conclusion

For the reasons stated, we will affirm the order that was the subject of this interlocutory appeal and remand the case to the circuit court for further proceedings.

Affirmed and remanded.