COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Haley
Argued at Richmond, Virginia


BOAR'S HEAD PROVISIONS COMPANY, INC. AND
   AMERICAN ZURICH INSURANCE COMPANY

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1935-09-2                          JUDGE LARRY G. ELDER
                                                              MAY 4, 2010
GREGORY DEMETRIUS DAUGHTRY


                  FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Angela F. Gibbs (Charles F. Midkiff; Midkiff, Muncie & Ross,
               P.C., on briefs), for appellants.

               (Gregory Demetrius Daughtry, *pro se*, on brief).


        Boar's Head Provisions Company, Inc., and American Zurich Insurance Co. (hereinafter

collectively employer) appeal from a decision of the Workers' Compensation Commission ruling

that the claim of Gregory Demetrius Daughtry (claimant) for permanent partial disability benefits

is not barred by the statute of limitations and that the claim will be held "in pendency status until

the claimant offers evidence of maximum medical improvement and a current [permanency]

rating." Employer contends the commission improperly concluded employer waived its right to

assert a statute of limitations defense to the permanency claim. Employer also contends the

commission lacked jurisdiction to retain the permanency claim and should have dismissed it with

prejudice. We hold the challenged interlocutory ruling is not an appealable order. Thus, we

dismiss this appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"'The Court of Appeals of Virginia is a court of limited jurisdiction.' Unless a statute confers subject matter jurisdiction to that court over a class of appeals, [it] is without authority to review an appeal." Lewis v. Lewis, 271 Va. 520, 524-25, 628 S.E.2d 314, 316-17 (2006) (quoting Canova Elec. Contracting, Inc. v. LMI Ins. Co, 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996)). Pursuant to Code § 17.1-405(2) and (4), the Court of Appeals has appellate jurisdiction over any final decision of the Virginia Workers' Compensation Commission and any interlocutory decree or order in such a matter involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." Code § 17.1-405(4).

A final decree "'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the [ruling], and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (quoting Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)). Because the commission rejected employer's argument that the statute of limitations barred the claim and ruled it retains jurisdiction to adjudicate a future claim for permanent partial impairment, manifestly its ruling is an interlocutory order rather than a final order. See Town of Leesburg v. Giordano, 276 Va. 318, 321, 667 S.E.2d 552, 552 (2008) (in a suit brought by homeowners against a town over an ordinance that increased water and sewer rates, holding that a ruling denying the town's plea of the statute of limitations was interlocutory).

For an interlocutory order to be held to have "adjudicat[ed] the principles of a cause," Code § 17.1-405(4),[1] as required for immediate appeal,

> "the rules or methods by which the rights of the parties are to be
> finally worked out [must] have been so far determined that it is
> only necessary to apply these rules or methods to the facts of the

---

[1] This case does not involve an injunction, the other situation in which an interlocutory order might be appealable under this statute.

> case in order to ascertain the relative rights of the parties with regard to the subject matter of the suit."

Lewis, 271 Va. at 526, 628 S.E.2d at 317 (quoting Lancaster v. Lancaster, 86 Va. 201, 204-05, 9 S.E. 988, 990 (1889)). "'The mere possibility' that an interlocutory decree 'may affect the final decision in the trial does not necessitate an immediate appeal.'" Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991) (quoting Pinkard v. Pinkard, 12 Va. App. 848, 853, 407 S.E.2d 339, 342 (1991)); see de Haan v. de Haan, 54 Va. App. 428, 439-40, 680 S.E.2d 297, 303-04 (2009).

Here, the commission ruled that the statute of limitations does not bar a particular cause of action. This ruling does not constitute the adjudication of the principles of the cause. Instead, it merely paved the way for the commission to adjudicate the principles of the cause. Further, the commission's ruling that claimant failed to establish he had reached maximum medical improvement also did not constitute an adjudication of the principles of a cause. Cf. Uninsured Employer's Fund v. Woodard, 26 Va. App. 522, 528, 495 S.E.2d 540, 543 (1998) (holding the commission did not adjudicate the principles of a cause where it merely held that it had jurisdiction over the employer and remanded to the deputy for further proceedings). The commission ordered the matter "removed from the Review docket" but indicated it would "hold [the] claim in pendency status until [claimant] offers evidence of maximum medical improvement and a current rating." See generally Brown v. United Airlines, Inc., 34 Va. App. 273, 282, 540 S.E.2d 521, 525 (2001) (recognizing that where a claim establishing a permanent injury is timely filed, an issue not yet resolved on appeal in the instant case, "'the Commission . . . will defer adjudication of th[e] matter until such time as [the claimant] has reached maximum medical improvement for [his] permanent injury'" (quoting Sadler v. Walter Reed Convalescent Ctr., No. 166-95-08 (Va. Workers' Comp. Comm'n July 15, 1998)).

For these reasons, we hold the challenged ruling is not an appealable order.  Thus, we dismiss this appeal as premature.

<u>Appeal dismissed.</u>