COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Malveaux and Athey
Argued by videoconference

TROY DARREN DUROCHER

v.     Record No. 0764-20-2

DEBRA THOMAS DUROCHER

MEMORANDUM OPINION[*] BY
JUDGE CLIFFORD L. ATHEY, JR.
MARCH 30, 2021

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

Olivier Denier Long (EZ Justice, PLC, on briefs), for appellant.

Lawrence D. Diehl (Barnes & Diehl, P.C., on brief), for appellee.

Troy Durocher ("husband") appeals from a final divorce decree ending his marriage to

Debra Durocher ("wife") in the Circuit Court of Spotsylvania County ("trial court"). On appeal,

husband challenges the trial court's award of lump sum spousal support to wife equal to the secured

debt obligations encumbering the marital home. Additionally, husband challenges the trial court's

finding that he has the current ability to pay the spousal support obligations. Wife presents a

cross-assignment of error requesting an award of attorney's fees and costs on appeal. For the

reasons that follow, we affirm the ruling of the trial court and deny wife's request for appellate fees

and costs.

BACKGROUND

As the parties are conversant with the record, the relevant facts are succinctly stated.

"When reviewing a trial court's decision on appeal, we view the evidence in the light most

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258 (2003). So stated, the evidence in this case is viewed in a light most favorable to wife as the prevailing party below and is as follows.

The parties were married on August 28, 1993. The parties had four children, two of which had yet to reach the age of majority at the time of their parents' separation. Wife filed her complaint for divorce on April 25, 2018, alleging adultery to which husband stipulated prior to trial.

After hearing evidence and arguments, the trial court initially issued a letter opinion, findings of fact, and rulings on July 30, 2019. The trial court ruled that wife would be granted a divorce on the grounds of adultery. The trial court also proposed an equitable distribution and spousal support award. After multiple motions to reconsider filed by both parties over the next ten months, the trial court entered a final decree of divorce on May 29, 2020.

In the final decree, the trial court equitably distributed the marital residence to wife pursuant to Code § 20-107.3. The trial court further decreed that husband pay $1,500 per month in spousal support for a period of twelve and one-half years, which was a period equal to one-half of the length of the couple's marriage. The trial court also decreed that husband pay wife lump sum spousal support pursuant to Code § 20-107.1 equal to the amount of secured debt encumbering the marital residence. The trial court based the lump sum spousal support determination, in part, on wife's longstanding obligations related to the minor children's successful competitive swimming careers and wife's inability to afford the debts secured by the marital home.

Based on these unique circumstances, the trial court determined that a compelling need existed to award lump sum spousal support to wife equal to the debt securing the marital

residence. Finally, the trial court provided specific written conclusions based upon an evaluation of the factors set forth in Code § 20-107.1(E). It is from this final decree that husband appeals.

ANALYSIS

On appeal, husband presents two assignments of error: first, husband alleges the trial court erred in utilizing lump sum spousal support as part of an alleged monetary award in equitable distribution, and second, husband alleges that the trial court erroneously concluded that husband had the present ability to pay the support obligations. Wife presents a cross-assignment of error requesting an award of attorney's fees and costs on appeal.

I. Lump Sum Spousal Support

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Northcutt v. Northcutt, 39 Va. App. 192, 196 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527 (1998)). The trial court has "broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion." Fadness v. Fadness, 52 Va. App. 833, 845 (2008) (quoting Brooks v. Brooks, 27 Va. App. 314, 317 (1998)).

A trial court's decision regarding spousal support constitutes reversible error only if "its decision is plainly wrong or without evidence to support it." Id. "An abuse of discretion can be found if the trial court uses 'an improper legal standard in exercising its discretionary function," Congdon, 40 Va. App. at 262 (quoting Thomas v. Commonwealth, 263 Va. 216, 233 (2002)), "because a trial court 'by definition abuses its discretion when it makes an error of law,'" id. (quoting Shooltz v. Shooltz, 27 Va. App. 264, 271 (1998)). To the extent that the appeal requires an examination of the proper interpretation and application of Code § 20-107.1 or Code § 20-107.3, it involves issues of law, which this Court reviews *de novo* on appeal. See Dixon v. Dixon, 71 Va. App. 709, 718 (2020) (citing David v. David, 287 Va. 231, 237 (2014)).

Statutory interpretation requires us "'to construe the law as it is written,' and we are also mindful that '[t]o depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret.'" See Town of Leesburg v. Giordano, 276 Va. 318, 323 (2008) (alteration in original) (first quoting Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake, 218 Va. 696, 702 (1978);then quoting Faulkner v. Town of South Boston, 141 Va. 517, 524 (1925)). We defer to the plain meaning of statutory language because we presume that the legislature carefully and intentionally chose its words when enacting a statute. See Jackson v. Fidelity and Deposit Co. of Maryland, 269 Va. 303, 313 (2005). "Where the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning." Id.

Code § 20-107.1(C) states, "[t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof." Code § 20-107.1(E) further states, "in determining whether to award support and maintenance for a spouse, [a trial court] shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery . . . ." In order to determine "nature, amount and duration of an award," one such factor the court shall consider are "[t]he provisions made with regard to the marital property under § 20-107.3." See Code § 20-107.1(E)(8).

By contrast, with respect to a monetary award in equitable distribution, Code § 20-107.3(D) provides that "the court has the power to grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party." Code § 20-107.3(E) provides factors for a trial court to consider when determining the amount of any monetary award in equitable distribution.

- 4 -

With an award of spousal support, "the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay." Blank v. Blank, 10 Va. App. 1, 4 (1990). "In determining the appropriateness and amount of a lump sum award, trial courts must consider, in conjunction with those facts specified in Code § 20-107.1, the recipient spouse's need for such an award." Kaufman v. Kaufman, 12 Va. App. 1200, 1205 (1991). "'Generally, when courts do make lump sum spousal support awards they do so because of special circumstances or compelling reasons,' such as . . . a payee spouse's immediate need for a lump sum to maintain herself or satisfy debts." Id. (quoting Blank, 10 Va. App. at 5). "[A]ppellate courts uphold such awards where the record clearly reflects the court's rationale for finding that the award will adequately provide for contingencies." Blank, 10 Va. App. at 5.

"Moreover, unlike periodic spousal support payments which are subject to modification upon a future change in circumstances, a lump sum award is a fixed obligation to pay a sum certain when the decree is entered." Kaufman, 12 Va. App. at 1205.

Here, husband argues that the trial court erred when it awarded wife a lump sum spousal support award equal to the amount of indebtedness encumbering the marital residence.[1] Specifically, husband contends that there are no special circumstances or compelling need that exists such that wife should receive the marital property clear of any encumbrances. We disagree.

Prior to the trial court issuing the final decree, the parties mutually agreed that wife should continue to reside in the marital home with the children. The trial court noted in its final

_____

[1] On brief, husband conflates the lump sum spousal support award as a monetary equitable distribution award. However, the trial court clearly established that the marital home was awarded to wife in equitable distribution under Code § 20-107.3. The lump sum spousal support was awarded to wife under Code § 20-107.1.

decree the special circumstance and compelling need that justified the lump sum spousal support award to wife, stating that the debts attached to the marital home were such that wife could not afford the monthly payment as her income was minimal. Additionally, the trial court went to great lengths describing wife's obligations to the minor children still residing in the marital home.

The trial court found that wife has a continuing obligation to the minor children who are elite competitive swimmers. This obligation prohibits wife from obtaining full-time employment as she is tasked with driving the children to practices and competitions, sometimes multiple times a day. Further, the trial court laboriously considered and issued written findings of fact related to the pertinent factors contained in Code § 20-107.1(E) when it fashioned the support award.

Husband relies on our decisions in Kaufman and Dixon to support his assertions that the lump sum spousal support award was actually a monetary award under equitable distribution. However, the unique facts in the instant case are clearly distinguishable from our previous decisions in those cases.

In Kaufman, the payee spouse was awarded the marital home, a lump sum spousal support award payable over six years, and a periodic spousal support award. Kaufman, 12 Va. App. at 1204. There, we found that the periodic spousal support award sufficiently provided for the payee spouse's daily needs. Id. at 1206. We noted that "[t]he record does not indicate Mrs. Kaufman needs a lump sum award to satisfy any outstanding debts . . . ." Id. Finally, we found that "on this record" no special circumstances or compelling need existed for a lump sum award in conjunction with a periodic award that satisfies the daily needs of the payee spouse. Id.

Here, by contrast, the compelling need exists. Wife has dutifully maintained the home and cared for the children. The needs of the minor children still residing in the marital home

preclude wife from being able to seek full-time employment to cover the expenses associated with maintaining the debt obligation on the marital residence. Further, the periodic support award falls well short of being able to cover the amount of the debt encumbering the marital residence, let alone wife's daily needs. The record establishes that the debt payments on the marital home are in excess of $2,500 per month, while wife only receives $1,500 per month in periodic spousal support based on the final decree.

Similarly, in Dixon, we reversed a trial court's decision to credit half of the equity in the marital home against a periodic spousal support obligation. Dixon, 71 Va. App. at 721. There, we found that it was an error of law to offset the monetary award of half the equity in the marital home to the husband contingent on future circumstances. Id. In doing so, the trial court reduced the amount of time wife would receive periodic spousal support payments from fourteen years to sixty-three months. Id. This offset of a monetary award to the husband was thus conditioned on future circumstances and improper under the equitable distribution provisions of Code § 20-107.3. Id. at 720.

Here, no future contingency exists to the lump sum spousal support awarded under Code § 20-107.1. Husband attempts to conflate the distinction between Code § 20-107.3 and Code § 20-107.1 in "[s]upporting this interpretation of the plain meaning of Code § 20-107.3(D) as the purpose of equitable distribution." Dixon, 71 Va. App. at 720. However, "[a] distinct difference . . . exists between a spousal support award and a monetary award." Dotson v. Dotson, 24 Va. App. 40, 44 (1997) (quoting Brown v. Brown, 5 Va. App. 238, 246 (1987)).

"Under the statutory scheme, the trial court *must* consider its equitable distribution award in fashioning a [spousal] support award, but consideration of spousal support is improper when making an equitable distribution award." Id. (emphasis added). See Code § 20-107.3(F) (monetary award must be determined without regard to support); Code § 20-107.1(E)(8) (in

determining amount of support award, court must consider, *inter alia*, provisions made with regard to the distribution of marital property).

Here, the trial court closely followed the statutory scheme provided. Wife was awarded the marital home in equitable distribution under Code § 20-107.3. In order for wife and the children to continue to reside in the marital home, a compelling need existed for a lump sum spousal support award under Code § 20-107.1 to satisfy the debt encumbering the marital home. The trial court, after considering the statutory factors under Code § 20-107.1(E), awarded wife lump sum spousal support that satisfies the debt encumbering the marital residence so that wife would be able to maintain the quality of life enjoyed during the marriage.

As such, we find that the trial court did not abuse its discretion in this unique circumstance when it granted wife an award of lump sum spousal support. While the amount of the lump sum spousal support award is equal to the debt encumbering the marital home awarded to wife in equitable distribution under Code § 20-107.3, we have consistently held that a lump sum spousal support award can be used to pay off a debt without distinction as to whether that debt is secured or unsecured. See Kaufman, 12 Va. App. at 1206. The trial court correctly considered its equitable distribution award as a factor in determining the amount of the spousal support award pursuant to Code § 20-107.1.

## II. Present Ability to Pay

Husband also contends that the trial court abused its discretion when it relied on tax returns from 2015, 2016, and 2017 as evidence of husband's income.[2] Finding no error, we affirm the ruling of the trial court.

---

[2] Husband additionally assigns error to the trial court's failure to take into consideration the financial impact of the novel coronavirus pandemic. However, we find that husband has not properly preserved this argument for appeal. This argument was first presented to the trial court in a supplemental motion to reconsider after the trial court issued its opinion letter prior to the third amended final decree. Husband did not obtain a ruling on this motion, as admitted in his

"The issue of husband's income is a question of fact, and the judgment of the [trial] court on questions of fact is entitled to great weight and will not be disturbed unless it is plainly wrong or without evidence to support it." Patel v. Patel, 61 Va. App. 714, 727 (2013) (quoting Smith v. Board of Sup'rs of Franklin County, 201 Va. 87, 91 (1959)). Thus, if reasonable evidence exists in the record for the trial court's determination of income, we must affirm the spousal support award.

Husband contends that the trial court should have considered his uncontroverted testimony that his income had significantly declined from his 2017 tax return in 2019. However, the only documented evidence before the trial court was the parties' tax returns from 2015, 2016, and 2017. Husband provided the trial court with no documented evidence of a decrease in income upon which the trial court could rely. Further, husband provided no proffer of evidence for the trial court to consider in determining the amount by which his income had declined since the most recent documented tax return.

As fact finder, the trial court was not obligated to accept husband's uncorroborated testimony that his income had diminished as a factual determination. The trial court was free to reject such testimony as self-serving. Additionally, due to the length of time from the filing of wife's initial complaint for divorce in 2018, to the entry of the third amended final decree more than two years later, it is not unusual that a trial court would rely on a tax return from 2017 to establish husband's income. See id. The trial court used the most current income information that was documented. Because the trial court's income determination is supported in the record, we will not disturb this factual determination or the resulting support award.

---

opening brief. Therefore, there is no ruling that an appellate court can review with respect to this issue. See Rule 5A:18.

### III. Attorney's Fees

Wife requests an award of appellate attorney's fees and costs expended in this matter. The decision to award attorney's fees and costs incurred on appeal is within the sound discretion of the appellate court. See Rule 5A:30; O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). The Court's decision is not limited to whether a party prevailed on appeal but considers whether the issues raised were "frivolous" and the equities of the case. See Wright v. Wright, 61 Va. App. 432, 470 (2013) (quoting O'Loughlin, 23 Va. App. at 695). Having thoroughly reviewed the record on appeal, we decline to award attorney's fees and costs to either party.

### CONCLUSION

For the foregoing reasons, we affirm the ruling of the trial court.

Affirmed.