PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

                                   OPINION BY
v.  Record No. 240844              JUSTICE JUNIUS P. FULTON, III
                                   APRIL 2, 2026
FREDERICK LEWIS MONCREA

FROM THE COURT OF APPEALS OF VIRGINIA

The Commonwealth appeals from a judgment of the Court of Appeals finding the sentencing order for Frederick Lewis Moncrea ("Moncrea") void *ab initio*.  The Commonwealth argues that the purported error in the sentencing order is merely voidable and that Moncrea's failure to object to the sentencing order precludes him from challenging the sentencing order on appeal.  Although the parties both consider the sentencing order to be erroneous, they dispute whether the order is void *ab initio* or merely voidable.  However, because we do not find error in this order, we need not address whether the sentencing order is void *ab initio* or merely voidable.[1]  For the reasons that follow, we reverse the judgment of the Court of Appeals.

BACKGROUND

Charged with two counts of possession with intent to distribute a Schedule I or II controlled substance after having been previously convicted of a like offense and two related firearm charges, Moncrea entered into a plea agreement which resulted in convictions for two counts of possession with intent to distribute a Schedule I or II controlled substance and one count of possession of a firearm by a felon.  The plea agreement specified that he would receive a 25-year sentence with 22 years suspended and that he would be subject to a "period of

---

[1] Finding no error in the trial court's sentencing order and resolving this matter on the best and narrowest grounds, we dispense with addressing on the merits Moncrea's failure to preserve this issue before the trial court.

supervised probation." However, the sentencing order issued by the trial court described the period of supervised probation as lasting "until released by the Court or the Probation Officer." Moncrea failed to raise a timely objection before the trial court to the provision that he would be on supervised probation "until released by the Court or Probation Officer."

On appeal to the Court of Appeals, Moncrea assigned error to the trial court's sentencing order, arguing that it was void *ab initio* for imposing a length of supervised probation that exceeded the 5-year limitation in Code § 19.2-303.[2] The Court of Appeals agreed, holding that Moncrea's sentencing order is "void *ab initio* to the extent that it orders Moncrea to serve more than five years of supervised probation." The Court of Appeals correctly noted that "[c]ourts have no inherent authority to suspend the execution of sentences or to impose probation conditions outside the parameters of the Virginia Code." *Moncrea v. Commonwealth*, No. 0398-23-2, 2024 Va. App. LEXIS 523, at *14 (Ct. App. Sep. 10, 2024). The Commonwealth appeals, arguing that the Court of Appeals erred "in holding that the sentencing judgment below was void *ab initio* because the trial court did not impose an excessive punishment as defined by this Court in *Rawls*."[3]

---

[2] Moncrea brought multiple assignments of error to the Court of Appeals, only one of which is before this Court.

[3] This Court held in *Rawls v. Commonwealth* that "a sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the [C]ourt had the power to render.'" 278 Va. 213, 221 (2009) (quoting *Anthony v. Kasey*, 83 Va. 338, 340 (1887)). Moncrea argues that we should apply *Rawls* to the supervised probation condition of his suspended sentence to find the sentencing order void *ab initio*. In light of our disposition, we need not address the application of *Rawls* to the terms of supervised probation or any other condition of a suspended sentence here.

2

I. ANALYSIS

A. Standard of Review

This appeal presents a pure question of law, which this Court reviews de novo. *Collins v. Shepherd*, 274 Va. 390, 397 (2007).

B. Code § 19.2-303

Under Virginia law, a sentence that exceeds the maximum amount of time proscribed by the General Assembly is considered void *ab initio*, as it would be "of a character that the court lacked power to render." *Hannah*, 303 Va. at 120 (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)). Supervised probation is a condition of a suspended sentence. *See, e.g., Grant v. Commonwealth*, 223 Va. 680, 685 (1982). Moncrea argues that an undefined period of supervised probation may result in a period of supervised probation equal to the maximum time the defendant could have originally been sentenced under Code § 19.2-306, and that any sentencing order including such an undefined period of supervised probation is necessarily void. However, this argument ignores Code § 19.2-303, which clearly limits supervised probation to a maximum of five years. We presume that courts know such limits and how to accurately apply them. *See Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977) ("Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts."); *Esparza v. Commonwealth*, 29 Va. App. 600, 609 (1999) (citing *Samuels v. Commonwealth*, 27 Va. App. 119, 129 (1998)) (observing that "every act of a court of competent jurisdiction is presumed to have been rightly done"); *Jacobs v.*

*Commonwealth*, 61 Va. App. 529, 540 (2013).  Thus, for the reasons explained below, we decline to accept Moncrea's argument.[4]

The crux of Moncrea's argument is that the sentencing order is invalid and void on its face because it imposes an indefinite period of supervised probation to continue "until released by the Court or the Probation Officer."  This language, according to Moncrea, indicates that he could be under supervision for up to 22 years, far beyond the statutorily defined maximum of five years defined in Code § 19.2-303.  We disagree.

Code § 19.2-303 does not require the trial court to order a specific period of supervision or impose specific conditions on a defendant, other than that the court cannot impose more than five years of supervised probation.  Our duty is to interpret the law, not legislate, and thus we will not add terms to a statute that are simply not there.  *See Town of Leesburg v. Giordano*, 276 Va. 318, 323 (2008) ("Our duty in applying this provision is 'to construe the law as it is written,' and we are also mindful that '[t]o depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret.'").  Here, the General Assembly has permitted a trial court flexibility to tailor any period of supervised probation to the needs of the case, whether those needs are apparent at the time of sentencing or arise in the future, so long as the period does not exceed five years.[5]  In addition, Code § 19.2-304 provides a trial court with ongoing

---

[4] The Commonwealth and Moncrea both assert that the sentencing order is erroneous, but we are not bound by such a concession.  *Commonwealth v. Holman*, 303 Va. 62, 75 (2024).

[5] There are a few circumstances which allow for exceptions to this limit as noted later in the statute; while they were not applicable at the time of sentencing, they very well might become applicable before the expiration of the statutory limitation of Moncrea's term of supervised probation.  For instance, if Moncrea is ordered to participate in a court-ordered program that will end after the five-year period has elapsed, the supervised probation will continue through the completion of the court-ordered program.  *See* Code § 19.2-303 ("The limitation on the period of probation shall not apply to the extent that an additional period of probation is necessary (i) for

authority to modify probation periods and conditions. *See Cilwa v. Commonwealth*, 298 Va. 259, 269 (2019) ("A liberal construction of Code § 19.2-304 favors giving a trial court the flexibility to consider and, if appropriate, to adopt an agreed-upon extension to a probation period if doing so would support the court's rehabilitation goals for the criminal and would uphold the court's equally important duty to protect the public from recidivist crime.") Moncrea has not argued that he has already been forced to serve more than five years of supervised probation. Nor does Moncrea argue that he *will* be under supervised probation for 22 years—only that he *could* be. Consequentially, under Moncrea's theory of error, we would be forced to speculate as to the trial court's future exercise of its discretion as well as assume that in the future exercise of its discretion, the trial court will violate Code § 19.2-303. We decline to do so.[6]

At the present time, Moncrea has been under supervised probation for less than five years. Moreover, there is nothing in the record that suggests to this Court that the trial court intended Moncrea to serve more than five years of supervised probation in violation of Code § 19.2-303 when it entered the sentencing order.[7]

---

the defendant to participate in a court-ordered program or (ii) if a defendant owes restitution and is still subject to restitution compliance review hearings in accordance with § 19.2-305.1.").

[6] In resolving this case, we note that Moncrea's challenge to his indefinite period of supervised probation implies that even if the term is not currently violative of Code § 19.2-303, it will be so after the expiration of the five-year term. We assume without deciding that it is ripe for our consideration. *See Berry v. Bd. of Supervisors*, 302 Va. 114, 131 (2023) ("[T]he concept of ripeness applies to claims that, while potentially viable at some point in the future, have yet to mature into a justiciable controversy—that is, an actual controversy between the parties that is not based solely on speculation or purely hypothetical scenarios that may (or may not) occur at some undefined point in the future.").

[7] Because the challenged supervised probation provision includes the phrase "until released by the Court or Probation Officer," we note that the probation officer's authority is derivative of the trial court's authority to impose terms and conditions of a sentence. *See Ellis v. Commonwealth*, 84 Va. App. 531, 541 (2025); *see also* Code § 53.1-145(5).

5

It is entirely possible that the trial court could release Moncrea tomorrow, or at any time before the five-year maximum is reached. Our case law emphasizes the trial court's discretion to impose conditions like supervised probation on suspended sentences as it deems proper. *See, e.g.,* Code § 19.2-303 (the trial court "may place the defendant on probation under such conditions as the court shall determine . . ."); *Cilwa v. Commonwealth*, 298 Va. 259, 269 (2019) ("Statutes that permit the trial court to impose alternatives to incarceration, such as probation or conditionally suspended sentences, are highly remedial and should be liberally construed to provide trial courts valuable tools for rehabilitation of criminals."); *Minh Duy Du v. Commonwealth*, 292 Va. 555, 565 (2016) (quoting *Anderson v. Commonwealth*, 256 Va. 580, 585 (1998)) ("Absent an alleged statutory or constitutional violation, '[t]he sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness.'"). The trial court exercised its discretion to tailor Moncrea's supervision to his case, and we see no reason to second guess that discretion on appeal. Therefore, we do not find that the trial court made any error.

As such, we find that no violation of Code § 19.2-303 has occurred and consequentially we do not reach Moncrea's arguments as to whether the sentencing order is void *ab initio*.

## II. CONCLUSION

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and final judgment is entered reinstating the sentence imposed by the trial court.

*Reversed and final judgment.*